S. W. SMITH v. BERT RICKER.[1]

October 18, 1901.

Nos. 12,785—(41).

### Failure to Appear or File Brief—Reversal.

At the beginning of the term this cause was set down for oral argument, at the date of which appellant properly submitted it upon briefs, but the respondent failed to file or submit briefs, and failed to appear. The order of the trial court is reversed for the reason that respondent has failed to comply with court rules.

Appeal by defendant from an order of the district court for Big Stone county, Flaherty, J., overruling a demurrer to the complaint. Reversed under the rules.

*Brown & Kerr*, for appellant.

LEWIS, J.

To the complaint in this action the defendant below interposed a general demurrer upon the ground that the complaint did not state facts sufficient to constitute a cause of action. The demurrer was overruled, and defendant appealed to this court. On the call of the calendar at the beginning of the term, the cause was set down for oral argument on Friday, October 11, 1901, at which time there was no appearance by either party, and the case was submitted upon briefs by appellant. No brief was filed or presented to the court on behalf of respondent.

Rule 11 of the supreme court rules (60 Minn. vi., 66 N. W. iv.) requires that on or before the first day of the term at which a cause is noticed for trial the respondent shall furnish the ad-

1 Reported in 87 N. W. 615.

verse party a copy of his points and authorities. Rule 9 (60 Minn. v., 61 N. W. v.) requires that each party shall, at least three days previous to the argument, file eight copies of his points and authorities, and the party failing to do so shall not be entitled to statutory costs in case he prevails.

Rule 14 (12 Minn. xiii.) provides that either party may apply to the court for judgment, or affirmance, or reversal, or for dismissal, as the case may be, if the other party shall neglect to appear and argue the cause, or shall neglect to furnish and deliver cases and points, as required by these rules. It has been the purpose of the court to construe these rules with reasonable liberality, but where an attorney neglects to appear at the argument, and fails to serve or file a brief, and makes no excuse for such neglect, the court will, of its own motion, enforce the rule applicable thereto, assuming that the attorney and party have abandoned the case.

Without, therefore, deciding the question involved in the appeal upon its merits, the order of the court below is reversed for noncompliance with the rules.