JOHN MANWARING v. DRAKE–STRATTON COMPANY.[1]

December 21, 1904.

Nos. 14,192—(159).

Appeal by plaintiff from an order of the district court for St. Louis county, Ensign, J., granting a motion for judgment in favor of defendant notwithstanding the verdict. Reversed, and judgment ordered for plaintiff.

*John Jenswold, Jr.,* for appellant.
*Davis, Hollister & Wilson,* for respondent.

PER CURIAM.

The respondent having failed to appear on the day set for the hearing of this cause and argue it, or to furnish the court with a brief or points and authorities, and the appellant having applied for a reversal under rule 14, it is ordered that the judgment appealed from be reversed, and the cause remanded to the district court of the county of St. Louis, with directions to enter judgment for the plaintiff on the verdict.

[1] Reported in 101 N. W. 1134, 102 N. W. 1134.

The attorneys for the respective parties having stipulated that an order might be made vacating and setting aside the order reversing the judgment of the district court, such an order was made and filed on January 3, 1905, and the case set for hearing on the merits upon the amended return, paper book, brief of appellant and brief of respondent. Thereafter on February 24, 1905, the following opinion was filed.

PER CURIAM.

Defendants were engaged in operating a system of tracks, cars, and engines in mining operations. In order to remove loaded cars from the point where stripping was carried on, it was necessary upon this occasion to attach four engines to a loaded train in order to pull it upon the grade. After arriving upon level ground, plaintiff, a brakeman on the second engine, went in between his own and the first engine to uncouple them, and while so doing the engineer on the third engine in the line, without any warning, started up, and plaintiff's hand was caught in the coupling, causing the injuries. The specific ground of negligence alleged in the complaint is the starting of the engine without any notice or warning to plaintiff, and, further, that the engineer so guilty of negligence was incompetent and not licensed to operate an engine, as provided by the laws of this state, and that defendants were guilty of negligence in employing him to perform such work. The court instructed the jury that it was not necessary that the engineer be licensed, and that there was no evidence as to his incompetency, and a verdict of $1,500 was returned for plaintiff. Defendants made an alternative motion for judgment notwithstanding the verdict and for a new trial. The former was granted, and the latter denied.

Although the equipment, tracks, and engines used in this case differ in some particulars from those in the case of Kline v. Minnesota Iron Co., supra, page 63, 100 N. W. 681, yet the distinctions are not so great as to become material, and this case is controlled by the legal propositions there announced. Following that case, we hold that the plant and railroad equipment here involved was one within the meaning of section 2701, G. S. 1894. It is unnecessary to decide whether or not, under the circumstances presented by this case, the engineer was required to be licensed. The evidence produced at the trial reasonably tended to support the allegations of the complaint as to the negligence of the en-

gineer and, the trial court having granted the motion for judgment notwithstanding the verdict upon the ground that the railroad under consideration was not within the meaning of the fellow servant act, it follows that the order appealed from must be reversed.

Order reversed, and judgment ordered for plaintiff.