ARTHUR HALLIWELL, RESPONDENT, v. TRANS-STATES
FINANCE CORPORATION, APPELLANT.

Submitted July 10, 1922—Decided November 20, 1922.

1. The H. B. A. Co. sold to R., under a conditional bill of sale,
   an auto truck, to be paid for in a series of notes, title remaining
   in the seller until the notes were paid. The conditional bill of
   sale was filed in the proper office in the county in which the
   truck was kept, and on the same day the bill .of sale was as-
   signed to defendant. R. did not get immediate possession of the
   truck, and when delivery was tendered he sent it back to the
   company, who sold it to H., who lived in another county, where
   there was no encumbrance recorded against the truck. The de-
   fendant thereupon seized the truck in such adjoining county,
   and plaintiff brought replevin. *Held,* that the plaintiff was an
   innocent purchaser for value without notice.
2. Where a witness fails to answer a question on cross-examination,
   which is objected to, or in answer to such question says he does
   not know, no evidence, erroneous or otherwise, is given.
3. A question asked of one of the parties to a written contract
   whether he got the automobile mentioned therein is not an at-
   tempt to vary the terms of such contract, but to ascertain
   whether or not the contract had actually been performed.
4. General objection that the verdict "was directed contrary to the
   rules of law applicable to the case" and that the instruction of
   the trial court to find a verdict for the plaintiff "was erroneous
   and contrary to the rules of evidence applicable to the facts in
   controversy" point out no specific objection and give no reasons
   for reversal, and therefore will not be considered by the Appellate
   Court.

On appeal from the Supreme Court.

For the appellant, *Pomerehne & Laible.*

For the respondent, *Samuel F. Slaff* and *Edward R.
McGlynn.*

The opinion of the court was delivered by

WALKER, CHANCELLOR. This is a suit in replevin and con-
cerns title to an auto truck.

The Herman Bartsch Automotive Corporation, of Newark, sold to Guilio Ruggiero, of Paterson, under a conditional bill of sale, an auto truck to be paid for in a series of promissory notes, the title to the property to remain in the seller until the notes were paid. The conditional bill of sale, in conformity with the Uniform Conditional Sales act (*Pamph. L.* 1919, *p.* 461, § 6, *ch.* 210), was filed in the register's office of Passaic county, in which county the truck was to be kept. On the same day the bill of sale was made it was assigned by the Bartsch corporation to defendant, Trans-States Finance Corporation.

Ruggiero did not get possession of the truck on the date he executed the conditional bill of sale to the Bartsch corporation, although he was entitled to it under the terms of the agreement, and was promised possession in two weeks; yet, as a fact, it was over four weeks when delivery was tendered, whereupon he refused to receive the truck and sent it back. The Bartsch corporation accepted the truck, so returned, and sold it to the plaintiff, Halliwell. The Bartsch corporation paid to the finance corporation three of the notes given it by Ruggiero, although the latter did not pay them to the Bartsch corporation, and that corporation becoming insolvent, defaulted on the fourth. Afterwards the finance corporation hunted up and discovered the whereabouts of the truck and seized it and took it out of the possession of Halliwell, who replevined it and had judgment thereon in this suit, and from that judgment this appeal has been taken by the finance corporation.

The Bartsch corporation did not notify Halliwell that there was a bill of sale to Ruggiero outstanding on this truck, and Halliwell bought from a dealer who had possession and an apparent right to sell. There was no encumbrance against the truck recorded in Essex county, where the transaction between the Bartsch corporation and Halliwell took place, and there was no apparent impediment to its making title to Halliwell, which was done. He was therefore an innocent purchaser for value without notice. *Miller v. Cushman*, 38 *Vt.* 593. See, also, *Danbury v. Robinson*, 14 *N. J.*

*Eq.* 213; *Phelps* v. *Morrison,* 25 *Id.* 538, and *Behn* v. *National Bank of New Jersey,* 65 *N. J. L.* 591, on the question generally of *bona fide* purchaser for value without notice.

The appellant urges that the trial court erred in permitting one of defendant's witnesses on cross-examination to answer a certain question, but the fact is that although permitted to answer, he did not answer at all. It is also urged that the trial court erroneously admitted evidence in respect to a certain question, to which the witness answered, "I do not know." Thus it appears that no evidence, erroneous or otherwise, was given in response to these questions, and the objections necessarily fall.

Another ground of appeal is that the trial court erroneously permitted the witness Ruggiero, over objection, to answer the question whether at the time he executed the conditional bill of sale and the notes on account of the purchase price, he had possession of the truck which is described in the conditional bill of sale, to which he answered, "No, sir." The objection is that this testimony was introduced to vary the written contract contained in the bill of sale. This is plainly not so. It is true that the agreement recites that the seller (Bartsch corporation) had on that date (May 6th, 1920) delivered to the buyer (Ruggiero) the property (one automobile, motor number, &c.), and the buyer had received the property and agreed to purchase and pay for the same as follows, &c., and the appellant urges that oral evidence is not permissible to subtract from, add to, alter or contravene any of the terms of the bill of sale, citing *Naumberg* v. *Young,* 44 *N. J. L.* 331, as authority.

There was no attempt to do anything of the kind. The question simply was whether as a matter of fact the witness got the automobile mentioned in the contract, and the attempt was not to vary the contract in the slightest particular. If a man were to sign a contract acknowledging the receipt of a certain sum of money and delivered it to the one obliged to make payment, but who failed to do so and retained the agreement, it would be singular indeed if the first party, in a suit on the agreement afterwards, would be precluded from testi-

fying that the other party committed a deliberate fraud upon him by withholding the money called for and recited in the agreement, simply because its receipt was therein acknowledged, when, in fact, the money had not been paid. The question is not one of varying the terms of the contract, but one as to whether or not a term or terms had actually been performed. Besides, this was not a question between the parties to the agreement, but between the assignee (finance corporation) of one of the parties (Bartsch corporation) and Halliwell, purchaser from the latter, and in this situation the rule that parol evidence will not be permitted to vary a written contract, even if there were in fact a variance, does not apply. *Shreve* v. *Crosby, 72 N. J. L.* 491.

Other objections to evidence as to facts, said to be an attempt to vary the terms of the contract, are answered by the above observations.

Such objections as that "the verdict was directed contrary to the rules of law applicable to the case," and "instruction of the trial court to the jury [to find a verdict for the plaintiff] was erroneous and contrary to the rules of evidence applicable to the facts in controversy," point out no specific objections and give no reasons for reversal. The grounds of error should be specifically pointed out in an assignment (or ground of appeal) or they will not be considered. *Lutlopp* v. *Heckman, 70 N. J. L.* 272.

No trial error having been pointed out to us, or being apparent in the record, the judgment under review will be affirmed.

*For reversal*—None.