LOUIS WIESON, PLAINTIFF-RESPONDENT, v. THE AUTO-MOBILE INSURANCE COMPANY OF HARTFORD, CON-NECTICUT, A CORPORATION, DEFENDANT-APPEL-LANT.

Submitted June 5, 1924—Decided November 24, 1924.

**Insurance—Theft—Motor Vehicle—Defendant Company Alleges That Car was Taken by Plaintiff's Employe, That Proof of Loss was Not Made Within Time, That Plaintiff Had Failed to Protect His Car and Had Misrepresented Value of Car—First Two Points Only Were Briefed by Defendant, and His Contention Not Sustained.**

On appeal from the Essex County Circuit Court.

Before GUMMERE, CHIEF JUSTICE, and Justices PARKER and KATZENBACH.

For the defendant-appellant, *Collins & Corbin* (*Edward A. Markey* and *Charles W. Broadhurst,* of counsel).

For the plaintiff-respondent, *Mulligan & Koenig* (*George D. Mulligan,* of counsel).

PER CURIAM.

This is an appeal from a judgment of the Essex County Circuit Court for $585. The appellant, the defendant below, and hereafter referred to as the defendant, insured against theft a Dodge touring car to the amount of $800. The policy was originally issued to one Max Reinhold. He sold the

car to Murray Reinhold, who died. Louis Wieson, the plaintiff below, and hereafter referred to as the plaintiff, bought the car from the estate of Murray Reinhold. The policy, with the consent of the defendant, followed the car, and was duly assigned to the plaintiff. About August 18th, 1921, the car was taken from the plaintiff's garage on Mt. Prospect avenue, in the city of Newark. The plaintiff was later notified that his car was standing on the Pompton turnpike, in Verona. He went to this locality and found his automobile against a lamp post badly damaged. It was later ascertained that the car had been taken from the garage by one Edward Bill, who had worked for the plaintiff intermittently for several years, and a friend of Bill by the name of Freddie. They had picked up two friends, and after riding for some time in it the car skidded, struck a pole, was wrecked, and then abandoned. The plaintiff claims he submitted his proofs of loss within the time fixed by the policy. The defendant refused to settle the claim. Thereupon, the plaintiff instituted suit upon the policy. The defenses interposed were that the policy did not insure the plaintiff against theft of the car by one in his employ, and that Bill, who took the car, was in his employ; that the plaintiff also had failed to give the defendant notice in writing of the theft, had failed to submit proofs of loss within sixty days as provided in the policy, had failed to appoint an appraiser when requested, had concealed the fact that Bill was an employe, had failed to protect the property, and had misrepresented the amount paid for the car. A motion to direct a verdict was made at the close of the case and refused. The grounds of appeal are based on the refusal to direct a verdict, the admission of certain testimony, and error in the charge of the trial court.

The first point argued by the appellant is that the testimony showed that Bill was an employe of the plaintiff, and so within the exception of the policy hereinbefore mentioned.

Our examination of the testimony on this subject has led us to the conclusion that whether or not Bill was an employe of the plaintiff at the time the automobile was taken was a question of fact for the determination of the jury.

There was testimony to the effect that Bill had done odd jobs for the plaintiff for several years. He had done nothing for him during the month of August, 1921, which was the month in which the car was taken, except to take the car to the garage to have a new tire placed on a wheel. Under this testimony the defendant should not complain of the course taken by the trial court.

Bill testified at the trial that he had no intention of stealing the car. He only, it would appear, desired to gratify a penchant for joy riding. The fact that the car was taken secretly from the garage at night was some evidence of theft. The argument of the defendant would result in every thief being able to acquit himself of the charge of larceny by saying he had no intention of stealing the article taken, and that it was taken with the intention to return it. Whether Bill and Freddie stole the car was also a question for the jury, as the trial court ruled.

Upon the subject of the delivery of the proofs of loss within the prescribed time the testimony offered by the plaintiff is meagre and far from persuasive. A witness, Myron H. Clark, testified he had delivered the proofs of loss about a week before the expiration of the sixty days. This made the question one for decision by the jury. The case is before us on appeal and not under a rule to show cause under which the testimony may be weighed. We cannot say there was no testimony of delivery of the proofs of loss within the time fixed by the policy.

The dates on the proofs of loss contradict the testimony of Clark as to the time of this delivery. The defendant contends that it was error to permit oral testimony of the time of delivery because such testimony varied the proofs of loss as written. We see no merit in this argument. The testimony as to the time of delivery did not alter the written document.

The last point made by the defendant is that the judge erred in telling the jury in his charge that there was proof of waiver of the time within which proofs of loss could be filed. The contention is made that because the reply did

not plead waiver of the condition, but joined issue by a denial, that the proofs were not submitted out of time; that evidence of waiver was incompetent, and the submission of that question error. As the defendant permitted the evidence of waiver to be admitted without objection on its part, so far as we can find from the record, we can see no impropriety in the trial court commenting upon it, and no error in what the court said. Had objection been made at the trial to the admission of the evidence the court would undoubtedly have permitted an amendment of the pleadings.

We have considered all the points briefed by the defendant-appellant. The grounds of appeal not briefed will be considered as abandoned.

The judgment is affirmed, with costs.