HAROLD H. BALL, PLAINTIFF-RESPONDENT, v. METAL-WASH MACHINERY CO., INC., A CORPORATION OF THE STATE OF NEW YORK, DEFENDANT-APPELLANT.

Submitted May 26, 1939—Decided September 22, 1939.

For the appellant, *Heine, Peer, Laird & Mahr* (*M. Casewell Heine,* of counsel).

For the respondent, *Victor J. Ruskin.*

The opinion of the court was delivered by

PERSKIE, J. In this case, we are concerned with two allegedly reversible errors claimed to have been committed by the trial judge. One concerns the admission of parol evidence to show that the date of a written order upon which plaintiff claimed commissions was not in fact the date upon which plaintiff closed the negotiations for the sale represented by that order, and the other concerns the denial of defendant's motions which, if granted, would have materially reduced the amount plaintiff sought to recover under the second count of his complaint.

This is a suit to recover commissions which plaintiff, a salesman, claimed to have earned under his contracts (written and oral) with defendant who is engaged in the manufacture and sale of industrial washing machines, driers and accessories incidental thereto. The complaint consists of two counts.

1. Under the first count plaintiff sought to recover the sum of $536.27. This sum represents the amount of earned commissions claimed upon sales made by him between the date of his written contract with defendant, March 2d, 1931, and

the conceded date of its termination, January 20th, 1936. The sum further represents the sales made within the described territory which, under the contract, had been exclusively assigned to plaintiff but which territory specifically excepted therefrom "the area included within a circle having a radius of thirty-five miles and its center at Columbus Circle in the city of New York." This excepted territory is characterized as both "Metropolitan" and "New York" territory.

Plaintiff's proofs tended to show that the sales were effected prior to January 20th, 1936, while defendant's proofs were to the contrary. Under these conflicting proofs it is conceded (state of case, page 112), and properly so, that a jury question was present. The jury found for plaintiff and accordingly awarded him the sum of $506.73 plus interest of $85.45, or the sum of $592.18 upon this count.

Defendant seeks to set aside the judgment which is in part based upon that verdict. This brings us to the first contention made by defendant, viz., that the trial judge erred in permitting oral testimony to vary the written date of an order for one of the sales. The facts which give rise to the contention are as follows: Plaintiff had testified that the order of the New Departure Division, General Motors Corporation, for a machine was the result of negotiations that he had started in December of 1934 and continued until January 16th, 1936, when the order for the machine in question was effected. Defendant, on the other hand, relied upon the date of the written order for the machine, which was February 7th, 1936, as the effective date thereof. In this posture of the case the plaintiff sought to explain the discrepancy in the dates. He was asked this question: *"Q.* Mr. Ball, was the order made prior to February 7th? *A.* It was." Then objection followed and exception was taken on the ground that "the order speaks for itself."

Assuming, but not so deciding, that the objection was timely made and that the reason assigned is a proper one, the point now argued that the testimony trenched upon the parol evidence rule (*Naumberg* v. *Young,* 44 *N. J. L.* 331), because it tended to vary or alter the terms of the order which

is treated as a contract, is clearly untenable. The object was not to vary the terms of the order. The object was merely to show that the order was the result of the sale negotiations concluded by plaintiff prior to the termination date of his contract with defendant. In the case of *Wieson* v. *Automobile Insurance Company of Hartford*, 2 *N. J. Mis. R.* 1129, 1131; 126 *Atl. Rep.* 652; *affirmed*, 102 *N. J. L.* 229; 130 *Atl. Rep.* 921, the parol testimony as to date of delivery of the proofs of loss was contrary to the written dates of delivery as they appeared on the proofs of loss. The parol testimony was challenged as being in violation of the parol evidence rule. That challenge was dismissed. The court held the parol testimony as to time of delivery did not alter the written document. Here, moreover, plaintiff was no party to the contract or order in question. The parol evidence was properly admitted. *Shreve* v. *Crosby*, 72 *N. J. L.* 491, 502; 63 *Atl. Rep.* 333; *Halliwell* v. *Trans-States Finance Corp.*, 98 *N. J. L.* 133, 136; 118 *Atl. Rep.* 837.

2. Under the second count of the complaint, plaintiff sought to recover the sum of $1,789.23. This sum represents the commissions which he claimed to have earned pursuant to an oral agreement made between the parties on July 7th, 1932, and terminated on January 20th, 1936.

Upon the conflicting proofs, under this count, it was open to the jury to conclude as follows: Defendant found itself without a salesman in the "Manhattan" or "New York" territory which it had excepted under its written contract with plaintiff under date of March 2d, 1931. Whereupon it was orally agreed between the parties that plaintiff should take over this territory under the same terms and conditions otherwise controlling the relationship between the parties under their contract as of March 2d, 1931.

Pursuant to that agreement plaintiff took over the added territory, sold defendant's products therein, and defendant accepted such sales made by plaintiff. While the parties so operated, defendant, on March 6th, 1935, notified plaintiff by letter that on and after April 5th, 1935, he (plaintiff) would no longer be permitted to sell its products in the "Manhattan" or "New York" territory unless requested in

writing so to do. Notwithstanding this written notification, plaintiff was told by defendant's president to ignore it and to continue to operate as he had operated in that territory pursuant to the oral agreement between them under date of July 7th, 1932. Plaintiff did so and defendant continued to accept the business so obtained by plaintiff.

Upon substantially these circumstances, the jury returned a verdict, on this count, in favor of the plaintiff in the sum of $1,795.73, plus interest of $373.16, or a total of $2,168.89. (The amount of both counts is $2,761.07, plus costs, $69.89, or a total of $2,830.96.)

Defendant argues here, as it did below both at the end of plaintiff's case and at the end of the entire case, that the trial judge should have dismissed so much of this count as involved the commissions on all sales after April 1st, 1935, and amounting to $1,237.54. We think that this argument is clearly without merit.

The oral agreement of July 7th, 1932, between the parties was neither illegal nor violative of any rule of public policy. Under such circumstances, it is settled law that "parties to an existing contract may, by mutual consent, modify or change it by altering or excising certain of its provisions, or by adding new provisions thereto. * * * And [all] this may be done orally [as here] even though the original contract be in writing. *Headley* v. *Cavileer*, 82 *N. J. L.* 635." *Troth* v. *Millville Bottle Works*, 89 *Id.* 219 (at *p.* 221); 98 *Atl. Rep.* 435. The question in this type of case, as was said by Mr. Justice Parker in the case of *Headley* v. *Cavileer*, *supra* (at *p.* 644), "becomes one of evidence rather than of limitation upon freedom of contract." And so, too, it was a question of evidence here as to whether defendant had not by its conduct—as claimed by plaintiff—continued its contractual undertaking of July 7th, 1932, its letter of March 6th, 1935, to the contrary notwithstanding.

Nor is there any merit to the point that plaintiff did not in accordance with the fourteenth provision of the contract of employment, under date of March 2d, 1931, make any reservation for the commissions ($1,237.54) upon the sales made after April 1st, 1935. This provision reads as follows:

"Fourteenth: Adjustment. Upon the termination of this agreement the party of the second part shall, within a reasonable time thereafter, submit to the party of the first part a list of such prospects theretofore solicited by him listing quotations on which he deems he has a reasonable chance of closing and he shall thereupon have a period of six months from the date of the termination or cancellation of this agreement, within which he shall be allowed to secure such business from the prospects mentioned on said list. On all business so secured by his efforts he shall be paid a commission as herein provided, but shall not be paid any advanced drawing or expenses."

The suit here is not for commissions upon sales effected after the termination of the contract but rather is it for commissions upon sales only effected before the termination of the contract between the parties, on January 20th, 1936. The trial judge correctly denied the motions.

The judgment is affirmed, with costs.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, PARKER, BODINE, DONGES, HEHER, PERSKIE, PORTER, HETFIELD, DEAR, WELLS, WOLFSKEIL, RAFFERTY, HAGUE, JJ. 14.

*For reversal*—None.