30 N.J. Super. 248 (1954)
104 A.2d 58
FRANK PESCHEK, PLAINTIFF-RESPONDENT,
v.
JOHN M. TEISSERE, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued March 22, 1954.
Decided March 30, 1954.
*249 Before Judges EASTWOOD, JAYNE and CLAPP.
Mr. St. Elmo Ferrara argued the cause for appellant.
No appearance for respondent.
*250 The opinion of the court was delivered by JAYNE, J.A.D.
The plaintiff prosecuted this action to recover from the defendant the sum of $1,500 which in the first count of his complaint he alleged to be a balance due to him under the terms of an express contract for the performance of carpentry work on the defendant's premises. The second count alleged the indebtedness to be owing to him on a quantum meruit. The defendant controverted the plaintiff's alleged complete and proper performance of the work and in a counter-claim alleged that the work had been done by the plaintiff in such an unworkmanlike manner as to necessitate remedial expenditures by the defendant to which the defendant was entitled.
The trial resulted in the rendition of a verdict by the jury awarding to the plaintiff the sum of $1,500 on his complaint and a declaration of no cause for action on the defendant's counterclaim. By this appeal the defendant challenges the consequent judgment.
Occasionally it occurs, as in the present appeal, that no brief is filed nor appearance made at the argument on behalf of the respondent. Perhaps it may be acknowledged that in a civil action of this nature implicating only the private rights of the parties there is no positive obligation devolving upon the respondent under our existing rules to defend the judgment on appeal.
In a relatively recent case in Oklahoma it was held that if the appellee fails to file a brief or offer any excuse for the failure to do so, the appellate court is not required to search the record to discover some possible cause therein or basic theory upon which the judgment is sustainable but will reverse the judgment if the appellant's brief appears to support the existence of the error assigned. Burford v. Bridwell, 165 P.2d 617 (Okl. Sup. Ct. 1946). The decision is apparently expressive of the practice in that state. Vide, Durham v. Brown, 164 Okl. 139, 24 P.2d 295 (Sup Ct. 1933); Miller v. Miller, 194 Okl. 150, 148 P.2d 168 (Sup. Ct. 1944); City of Tulsa v. Cockrell, 195 Okl. 518, 159 P.2d 711 (Sup. Ct. 1945).
*251 It would seem that a former rule (Rule 14) of the Minnesota Supreme Court permitted an appellant to apply for a reversal where the appellee failed to file a brief. Smith v. Ricker, 84 Minn. 210, 87 N.W. 615 (Sup. Ct. 1901); State v. Dennis, 87 Minn. 407, 92 N.W. 1131 (Sup. Ct. 1902); also Manwaring v. Drake-Stratton Co., 93 Minn. 497, 101 N.W. 1134, 102 N.W. 1134 (Sup. Ct. 1904).
In Wisconsin is the appellant in such a situation entitled to a reversal of the judgment as a matter of course? See, Gas & By-Product Coke Workers, Local Union No. 12018 v. Wisconsin Employment Relations Board, 244 Wis. 258, 12 N.W.2d 36 (Sup. Ct. 1943).
In some jurisdictions may the failure of the appellee or respondent to file a brief be deemed to be a confession of error? Bryant v. School Town of Oakland City, 202 Ind. 254, 171 N.E. 378, 173 N.E. 268 (Sup. Ct. 1930). In the absence of contest may a presumption be indulged that the appellant's grounds for reversal are meritorious? State ex rel. v. Huff, 172 Ind. 1, 87 N.E. 141 (Sup. Ct. 1909).
We shall not undertake to collate the pertinent decisions in the various state jurisdictions in a methodical arrangement. Those to which we here refer are obviously selected in a random manner and are merely explicative. More comprehensive sources of information may be found in 4 C.J.S., Appeal and Error, § 1314b, p. 1832, et seq.; Annotation: Ann. Cas. 1914A, 485 et seq.
We need only state that in the absence of any duly promulgated rule governing the practice in this Division of our court we deem it to be consonant with our appellate supervisory function to consider and determine such appeals on the merits notwithstanding the failure of the respondent to submit a brief or appear to debate orally the issues presented for decision. Respondents, however, should envision the possible disadvantages venturesomely chanced by their supineness.
With this subject before us, it may be opportune to disclose that where the State or any of its subdivisions, or a public board or administrative agency is the respondent, *252 it has been our practice to demand a brief on behalf of respondent and defer the hearing of the appeal until it is received. It is our conviction that the interests of the public should always have proper representation.
And so, in the circumstances of the present appeal we have proceeded to inquire into the appellant's grounds for a reversal of the judgment. The one predominantly emphasized is that the contract is in writing and that in endeavoring to prove performance the trial judge erroneously permitted the plaintiff to introduce parol evidence of a subsequent agreement between the parties intended to effectuate a change in the plans relating to the overhang of the roof and a consequent reduction in its pitch, with which deviation the plaintiff complied. Fortunately in accordance with the anticipatory assumption of the respondent we are aware of the decisions in Wilson v. Renner, 85 N.J.L. 340 (E. & A. 1913); Ball v. Metalwash Machinery Co., Inc., 123 N.J.L. 285 (E. & A. 1939); Van Dusen Aircraft Supplies, Inc. v. Terminal Const. Corp., 3 N.J. 321, 326 (1949). The appellant's contention in this particular is not tenable.
A supplementary reason advanced by the appellant is that the professed change in the plans was neither pleaded by the plaintiff nor intimated in the pretrial order. Had the propriety of amendments been suggested to the trial judge, they would doubtless have been permitted. R.R. 4:15-2. The evidence was competent and relevant and embraced within the allegation of due performance by the plaintiff. Cf. Wilson v. Renner, supra. The controversial factual issues appear to have been appropriately and fairly submitted to the jury for determination.
Our answers to the insistence that the verdict was discordant to the weight of the evidence are that no application for a new trial on that ground appears to have been made to the trial court. R.R. 1:5-3(a); 2:5. Moreover we do not have before us in the appellant's appendix a complete transcription of all of the evidence. Cf. Mitchell v. Cavicchia, 29 N.J. Super. 11 (App. Div. 1953).
*253 Lastly, the appellant criticizes a ruling of the trial judge which it is asserted restrained him from establishing the full amount of the damages recoverable under his counterclaim. We do not perceive the harmful or prejudicial consequence of the particular ruling since the jury resolved that the counterclaim itself was not justified by the evidence.
The judgment under review is affirmed. No costs.