HERBERT S. NORTH, EXECUTOR, ETC., RESPONDENT, v.
JERSEY KNITTING MILLS, APPELLANT.

Argued June 29, 1922—Decided November 20, 1922.

1. A lease containing a covenant that the tenant should not assign
the agreement or underlet the premises was violated by the
tenant, who assigned to a third party, and payment of rent by
the assignee was accepted by the landlord. The assignee became
insolvent, and its receiver in bankruptcy sold the lease to M.
Subsequently the possession of the demised premises came into the
hands of another company, which attempted to pay the rent to
the landlord, who refused to accept it and brought ejectment.
*Held,* that the acceptance of rent from the assignee was a waiver
by the landlord of the first breach of the covenant.

2. In the trial of an action of ejectment there was evidence from
which the jury might find that there had been an assignment or
underletting of the premises to the party in possession, and that
checks for payment of rent by such assignee to the landlord were
not immediately returned. *Held,* that the question whether for-
feiture of the lease, which contained a covenant against under-
letting, had been waived, was properly left to the jury.

3. Where a lease of certain demised premises was the foundation
of defendant's right to possession defendant was thereby estopped
from denying the landlord's title.

On appeal from the Union County Circuit Court.

For the respondent, *Abe J. David.*

For the appellant, *Kanter & Kanter.*

The opinion of the court was delivered by

SWAYZE, J.    This is an action of ejectment to recover
land in Elizabeth, formerly the property of Joseph W. North.
He devised one-half to his son Herbert S. North in fee, and
the other half to Herbert in trust for his daughter Eleanor
North Alioth.    The precise terms of the will are not now
important.    Herbert S. North as executor demised the prop-
erty to Joseph W. North & Son, Inc., a corporation of New

Jersey. The lease contained a covenant that .the tenant should not assign the agreement or unlerlet the premises or any part thereof. This covenant was violated by the tenant and the lease was assigned to the Royal Knitting Mills. Thereafter, payments of rent were made by the Royal Knitting Mills to the landlord or to his bank as his representative. The Royal Knitting Mills became insolvent and its assets were sold January 5th, 1921, by a receiver in bankruptcy and purchased by Joseph Meltzer, who also purchased the lease. Before the receiver attempted to sell, counsel for the landlord, Mr. North, gave notice that the lease was forfeited under the clause disallowing an assignment or underletting. A copy of the notice read by counsel at the sale was given to the receiver, and he in turn gave notice that anyone that purchased the lease did so at his peril. Nevertheless, Meltzer purchased all the right, title and interest of the receiver to the lease. Subsequently, the possession of the land came to the hands of the Jersey Knitting Mills. They attempted to pay the rent month after month as it accrued to the landlord and he refused to accept it. After several months had elapsed the landlord brought this suit. The learned trial judge refused to nonsuit or direct a verdict, and left the question to the jury whether the assignment to the Royal Knitting Mills was a breach of the covenant and, if so, whether the lease was declared forfeited. He also left to the jury the question whether there was a waiver of that forfeiture, and if there was, whether there was any forfeiture thereafter. He asked the jury to indicate by their verdict whether they found that the breach was in the first assignment to the Royal Knitting Mills, or whether the subsequent assignment by Meltzer, by which the Jersey Knitting Mills came into possession, was the breach. The *postea* and judgment do not show what the verdict was. There was an informality in the verdict as first rendered, and the jury seem to have been sent back to their room to find a more formal verdict. To this the defendant excepted, and in the course of his argument stated that the verdict was in

favor of the plaintiff on the ground that there was an assignment of the lease from Meltzer to the Jersey Knitting Mills. No formal written assignment seems to have been produced, but claim under an assignment or underletting was presumed from the fact that the Jersey Knitting Mills was found in possession. The effect of the answer was to admit possession in the defendant.

We think that the plaintiff could not recover by virtue of the breach of covenant by the assignment to the Royal Knitting Mills. Mr. North seems to have known of this assignment, and with that knowledge he received checks for the monthly rent or accepted payments made on account of the monthly rent to his bank and to his credit. The receiver only assumed to sell the right, title and interest of the Royal Knitting Mills, and gave notice that whoever purchased purchased at their peril. The situation after the sale by the receiver was that if there had been a breach it had been waived, and the receiver had the right to sell to Meltzer, but Meltzer could have no greater rights under the lease than the right conveyed by the receiver of the Royal Knitting Mills, and that right was subject to the covenants of the lease, since it came by assignment.

There was evidence from which the jury might find, as the judge charged, that there had been an assignment or underletting to the Jersey Knitting Mills, for if there was not their possession was that of mere trespassers. There was also evidence from the receipt of checks for the rent not immediately returned from which the jury might infer that any forfeiture by Meltzer had been waived. The trial judge was right in putting this question to the jury, but they found in favor of the landlord. If it was erroneous to fail to show in the *postea* and judgment that it was this breach that was found in favor of the landlord, that inadvertence can be amended so as to make the judgment conform to the verdict as rendered.

This, we think, is enough to dispose of the case, but counsel argued other causes for reversal, several of which rested

upon the notion that the plaintiff had not complied with the notice requiring a bill of particulars of his title. What he did was to set forth the deeds to Joseph W. North and the will of Joseph W. North. If those did not show title in the plaintiff as executor, it was not important, since the lease was admitted. The lease was the very basis of the defendant's claim and amounted, under the well-settled rule, to an estoppel, of the defendant to deny the landlord's title. This was a rebuttal of the defendant's case and, as was held in *Miller* v. *Read*, 39 *N. J. L.* 538, it was not necessary to include the issue in the bill of particulars.

We find no other cause of reversal which is substantial enough to require discussion. Let the judgment be affirmed, with costs.

*For affirmance* — THE CHANCELLOR, CHIEF JUSTICE, SWAYZE, TRENCHARD, PARKER, BERGEN, KALISCH, BLACK, KATZENBACH, WHITE, WILLIAMS. GARDNER, ACKERSON, VAN BUSKIRK, JJ. 14.

*For reversal*—None.