JULIUS GROSS, PLAINTIFF, v. AGOSTINO A. STRAZZA
ET AL., DEFENDANTS.

Decided April 19, 1923.

**Lease of Property—Terms of Breach—Measure of Liability.**

Before Justices PARKER and BERGEN.

For the plaintiff, *Thomas Brunetto.*

For the defendants, *Emil Klein.*

PER CURIAM.

The defendants have a judgment on a counter-claim, from which plaintiff appeals.

The defendants, father and son, were the owners of a building which plaintiff desired to lease, and, after some negotiations with the father and son, he paid to the father $100, which he claims was a loan, and as no lease, as plaintiff claims, was ever made, the latter sued the father to recover the loan, and defendants filed a counter-claim for loss of rent because, as they allege, plaintiff refused to execute a lease.

When plaintiff paid the $100 the father gave him a receipt reading: "In consideration of one hundred dollars paid on deposit for rent to a large store and apartment on Glenridge avenue and Bay street, we do hereby promise and guarantee that the said store and apartment shall be ready and completed for occupancy on the first day of September next. The terms of lease to be drawn as follows: Eighty dollars ($80) for the first three years of a five-year lease, with five dollars ($5) increase for the last two years of said lease. The lessee shall have an option for two more years, terms of said renewal lease to be agreed upon by the parties." After this the parties disagreed as to the terms of the lease, the defendant preparing, signing and tendering a written lease which plaintiff refused to sign, and which, admittedly, contained

provisions not contained in the receipt given for the payment, in which certain terms are recited. Manifestly, the receipt was only an agreement to make a lease according to its terms, and when defendant tendered a lease which contained terms beyond those set out, he was asking plaintiff to execute a lease which embodied terms not agreed on by the parties, if the receipt be taken to be a binding agreement.

The first point appellant makes is that a jury should not have been empaneled because the demand was not made in time, and that it did not appear that the demand was made on the day of trial. There was a demand for a jury made in ample time, and it is not required that a new one must be filed to meet an adjourned day. There is nothing in this.

The next point is refusal to direct for the plaintiff. Manifestly, the court could not do this on plaintiff's testimony that the $100 was a loan, because there was contradictory evidence on this point, and the written receipt was to the contrary. Another point is that the premises were not completed by the 1st of September, but that was a jury question, the evidence on this point being in dispute.

Another point by appellant is that the court charge the jury that if plaintiff failed to comply with his agreement to make a lease defendants were entitled, on their set-off, to the rent which would have accrued if made. This was error under *Cooper* v. *Aiello*, 93 *N. J. L.* 336. The measure is the difference between the rent fixed by the agreement and the rental value of the premises, for all the landlord can lose is the difference between the rental value and the amount the landlord was able to realize on the property after the breach of the agreement.

For this error there should be a reversal. Many other points are raised by appellant but they have no legal standing. The judgment will be reversed.