JOHN O. WILSON AND DANIEL B. FRAZIER, RESPONDENTS, v. THOMAS M. CORNBROOKS, APPELLANT.

Submitted October 28, 1927—Decided February 6, 1928.

For the appellant, *Marshall H. Diverty* and *French, Richards & Bradley* (*Floyd H. Bradley*, of counsel).

For the respondents, *Lewis Starr* (*Starr, Summerill & Lloyd*, of counsel).

The opinion of the court was delivered by

KAYS, J. This is an appeal from a judgment in an action of ejectment brought in the Camden County Circuit Court to recover possession of a tract of land situated in the city of Camden, New Jersey. The Circuit Court judge allowed a rule to show cause why plaintiffs' answer should not be stricken out, and gave the parties to the suit leave to take depositions to be read upon the return of the rule. On the return of the rule to show cause the case was argued before the Circuit Court judge, and he filed an opinion in which he held that the answer did not present a meritorious defense, struck out the same and gave judgment in favor of the plaintiffs in ejectment for the possession of the premises in question. The depositions and other proofs presented to the court on the return of the rule to show cause, showed that on February 13th, 1919, one George W. Jessup, who was then the owner of the lands in question situate in the city of Camden, made a lease of the same to the Automobile Sales Corporation for a term of ten years, running from the 1st day of February, 1919, to the 1st day of February, 1929, at a yearly rental of $2,000 payable in equal monthly installments in advance of $185 each on the 1st day of each and every month during the continuation of said lease. By the terms of the lease the lessee covenanted and agreed "not to underlet said premises, or any part thereof, nor permit any person or persons to occupy the same, or any part thereof, nor use or permit any part thereof to be used for any other purpose than automobile business, nor make or suffer to be made any alterations therein, without the written consent of the said party of the first part; and also, at the expiration of said term, to yield up and surrender possession thereof," &c. The said lease further provided for a right of re-entry by the lessor in case of default of any of the covenants therein contained.

On January 31st, 1920, and for the consideration of one dollar therein expressed, the Automobile Sales Corporation entered into a contract with the Neel-Cadillac Company, by the terms of which agreement the said Automobile Sales Corporation did "sell, assign, transfer and set-over" to the Neel-Cadillac Company the said lease made to it by the said Jes-

sup, "and also all the estate, right, title, term of years yet to come, claim and demand whatsoever of, in and to or out of the same, of the said Automobile Sales Corporation; to have and to hold the same unto the said the Neel-Cadillac Company, its successors or assigns, for the residue of the term therein mentioned, subject, nevertheless, to the rents, covenants, conditions and provisions therein also mentioned." In October, 1923, the Neel-Cadillac Corporation executed a paper to John F. Brown, Jr., by the terms of which said company "sold, assigned, transferred and set-over" unto the said Brown the lease made by the said Jessup. This covered an assignment of said original lease for the full term of the same, reading as follows: "And all the estate, right, title and term of years yet to come." This contract provided for the payment by the said Brown to the said company of $350 monthly for the balance of said term, and covered the whole of the premises in question for the remainder of the term of the original lease. It further provided a right of re-entry by the said last-named company in case of failure of the said Brown to make payment of the installments provided therein. In December of the same year the said John F. Brown, Jr., executed a paper assigning the said lease in question to the Willbert Motor Company for the remaining part of the term and covering the entire premises in question for the same consideration, to wit, $350 per month to be paid to the said the Neel-Cadillac Company. In the month of October, 1925, the said Willbert Motor Company executed a paper assigning to Thomas M. Cornbrooks all its right, title and interest in and to the said lease of February 13th, 1919, covering the whole of said premises in question. By the terms of said agreement the said Willbert Motor Company "doth hereby assign, transfer and set-over unto Thomas M. Cornbrooks all its right, title and interest of, in and to a certain indenture of lease dated," &c., "made by and between Jessup and the Automobile Sales Corporation for the term of ten years from the 1st day of February, 1919, to the 1st day of February, 1929, under the terms and conditions expressed in said indenture of lease." Cornbrooks by this agreement contracted to pay to the Willbert Motor Company $525 each and every month

"during the remainder of the term of the said indenture of lease above mentioned." Said agreement further provided for a right of re-entry if the assignee failed to make the monthly payments or made default to any of the covenants therein contained.

By deed dated February 13th, 1925, George W. Jessup, the original lessor, and wife, conveyed the premises in question to George E. Tanner, Incorporated. By sundry conveyances the title to said premises finally became vested in John O. Wilson and Daniel B. Frazier.

The plaintiffs do not dispute the fact that the premises were used for the same purposes expressed in the original lease.

The original lessor, George W. Jessup, consented to the assignment of the lease from the Automobile Sales Corporation to the Neel-Cadillac Company.

The plaintiffs' claim in the court below was, and here is, that the transfer of the original lease through and by the various holders or assignees thereof to the defendant was a violation of the provision therein contained which prohibits the under-letting of the premises. The defendant claimed below and urges here that the transfer of the lease by the Willbert Motor Company to the defendant, Cornbrooks, was not an under-letting of the premises but was an assignment of the lease, and that such an assignment was not prohibited by the terms of the original lease. It is not disputed that if the document under which the defendant, Cornbrooks, holds is in law an assignment of a lease, he was entitled to remain in possession of the premises. The judge in the court below on a motion to strike out the answer granted it on the theory that the instrument executed by the Willbert Motor Company to the defendant, Cornbrooks, constituted in law an under-letting of the premises, and, therefore, was not an assignment of the original lease. We find no case in this state wherein the same question involved in this case has been decided. While there is some authority in other states for the view which the learned judge of the court below took of this matter, we are of the opinion that the better view and the view expressed in the majority of cases on the point in question is contrary to that which was reached in this case by the

Circuit Court. It is to be observed that the document between the Willbert Motor Company and the defendant, Cornbrooks, as well as those which preceded, in dealing with the original lease, conveyed the whole term specified in that lease. It is a well-settled rule that an assignment of an estate for life or years is a transfer of the whole interest of the assignor to some one other than the reversioner or remainderman holding an estate which is larger than that of the assignor. *Heroy* v. *Reilly,* 84 *N. J. L.* 671, 675. It is also well settled that a covenant in a lease against an under-letting is not broken by an assignment of the whole term. *Field et al.* v. *Mills,* 33 *Id.* 255, 259; *Firth* v. *Rowe,* 53 *N. J. Eq.* 520. Therefore, where the whole term of a lease is transferred by the lessee to a third party the instrument of transfer amounts to an assignment and not to a sublease. The test is whether the instrument dealing with the lease is to pass the whole of the lessee's interest. We are of the opinion that the effect of the instrument under which the defendant, Cornbrooks, claims a right to the possession of the property in question, is an assignment and not a sublease. However, the plaintiffs in this case, Wilson and Frazier, say that this view is unsound because of the fact that the "Willbert Motor Company," the assignor of Cornbrooks, reserved to itself a right of re-entry in case Cornbrooks failed to pay the rent as it fell due. The obligation which was contained in this instrument was that Cornbrooks should make these payments to the assignor, and the payments therein contained were greater than the payments to be made to the original lessor. We think this fact is immaterial in determining the character of the instrument. The correct rule, we believe, is stated in *Wood L. & T.,* § 330, as follows:

"When the whole of the term is made over by the lessee, although in the deed by which that is done the rent and the power of re-entry for non-payment are reserved to himself, and not to the original lessor, yet the instruments amounts to an assignment and not an under-lease."

*Washb. Real Prop.* lays down the same rule. See §§ 692 and 693.

The rule appears to be, by the best and greater weight of authority, that where a lessee of land leases the same to a third party, and the lessee parts with the whole term or interest as lessee, it will, as to the landlord, amount to an assignment of the lease, and the essence of the instrument as an assignment so far as the original lessor is concerned, will not be destroyed by reserving a new rent to the assignor with a power of re-entering for non-payment of the same, and the assignee so long as he continues to hold the estate is liable directly to the original lessor on all covenants in the original lease which run with the land including the covenant to pay rent. A sublease occurs where a lessee lets said premises for a lesser term than he has in the premises or where he lets part of the premises either with or without easements in the other part. *Bridge Proprietors* v. *State,* 21 *N. J. L.* 384, 389; see, also, 1 *Wood L. & T.* (*Am. Ed.*), § 258; 1 *Tayl. Land. & T.* § 16; 1 *Washb. Real Prop.* (*2d ed.*), §§ 451, 474.

Counsel for appellant also contends there was a waiver by the lessor of the covenant of the lease prohibiting subletting by reason of the fact that the plaintiffs herein or their predecessor of title accepted rent from the defendant with the knowledge of his possession of the premises. This question we deem unnecessary to pass upon as the view expressed above is dispositive of the case. The judgment below is reversed.

*For affirmance*—None.

*For reversal*—The Chief Justice, Trenchard, Parker, Minturn, Kalisch, Black, Katzenbach, Campbell, Lloyd, White, Van Buskirk, McGlennon, Kays, Hetfield, Dear, JJ. 15.