OCEAN CITY COMPANY, A CORPORATION OF THE STATE OF NEW JERSEY, PLAINTIFF-APPELLANT, v. LAURIE JOHNSTONE, DEFENDANT-RESPONDENT.

Submitted February 17, 1933—Decided May 15, 1933.

For the appellant, *Joseph Beck Tyler.*

For the respondent, *Greis & Milstead.*

The opinion of the court was delivered by

HETFIELD, J.   This is an appeal by the plaintiff from a judgment in its favor for six cents, entered in the Supreme Court, Cape May Circuit, the trial court having directed the verdict. The facts presented, which are not disputed to any extent, show that the respondent was a tenant of, and conducted a restaurant in, certain premises known as No. 858 Asbury avenue, Ocean City. There was a mortgage on the property which was under foreclosure, and the Fidelity Corporation of New Jersey, which it appears was controlled by Paul A. and Ludwig A. Kind, was the mortgagor on the bond and mortgage being foreclosed, and contemplated purchasing the property to protect its bond; and in that event, desired

to have the respondent remain and continue as a tenant, at certain specified rentals. Accordingly, on February 21st, 1929, the said corporation, together with the two Kinds, entered into an agreement with the respondent, to the effect that if the corporation or the Kinds purchased the property at the sheriff's sale, the premises would be rented to the respondent, for a period of five years, at a rental and under conditions therein set forth; and further, that: "If the Fidelity Corporation of New Jersey, Paul A. Kind or Ludwig A. Kind shall not purchase the property, 858 Asbury avenue, at the foreclosure sale they will agree to procure and Laurie Johnstone will agree to accept a lease under exactly the same terms on property 841-843 Asbury avenue, Ocean City, New Jersey, known formerly as the Old Bank Building, which is to be remodeled for the purpose of a restaurant as desired by Laurie Johnstone provided, however, that the total cost of such remodeling shall not exceed $500." The Fidelity corporation did not purchase the property at the foreclosure sale, held on March 4th, 1929, and it is admitted that said corporation and the Kinds immediately thereafter offered a lease to the respondent, for the premises at No. 841-843 Asbury avenue, pursuant to the terms of the agreement. It is also conceded, that the respondent refused to perform his part of the agreement, and forwarded a letter to that effect, on March 7th, 1929. When the agreement was entered into, the legal title to the property at No. 841-843 Asbury avenue was held by the Wood Manufacturing Company; and the complaint alleges that the title was held by that corporation, for the use and benefit of the Fidelity corporation; and it further avers, that the Fidelity corporation has always been willing and able to carry out the terms of said lease agreement. It further appears, that on March 28th, 1929, the Wood Manufacturing Company conveyed the property in question to the present appellant; and that on the 2d day of April, following, the lease agreement was assigned to the appellant by the Fidelity corporation and the Kinds. After the close of the plaintiff's case, the court, on its own motion, directed the verdict without any evidence being submitted for the defense,

and did so on the ground that while the breach of the contract had been proved, there was no proof submitted which would entitle the plaintiff to recover more than nominal damages, in that the Fidelity Title Company did not have legal title to the property. We think the action of the court constituted error, for the reason that there was proof to support a finding that the Fidelity corporation had possession of the premises and was able to lease same, at the time of the execution of the lease agreement, and for several months prior thereto, and was in a like position at the time the agreement was breached by the defendant. While the legal title was vested in the Wood Manufacturing Company, the Fidelity corporation tendered an offer to prove that it was the equitable owner of the premises, and as such, had possession and the power to lease, which evidence the court refused to receive. It would seem that the question involved was whether the Fidelity corporation had the power and authority to lease the premises at the time of the execution of the agreement, and when it was breached by the defendant. This being so, it was entitled to submit any evidence that tended to support its contention. *Eisler* v. *Halperin,* 89 *N. J. L.* 278. The relation of landlord and tenant does not depend upon the landlord's title, but is created by contract, either expressed or implied, by the terms of which the tenant enters into possession of the land under the landlord, and such relation may be created although the landlord is not the owner of the property. 35 *Corp. Jur.* 1210.

Where there has been a breach of an agreement for a lease, by the prospective lessee, the plaintiff cannot recover for rent of the premises, but is entitled to compensation for the injury sustained in consequence of the breach of the contract; and the measure of damages sustained is the difference between the contract price of the premises, as agreed upon, and the amount plaintiff was able to realize upon the property after the breach of the agreement. *Cooper* v. *Aiello,* 93 *N. J. L.* 336. In the present case, there was sufficient proof to show the amount of rent which the appellant had agreed to pay for the premises, and also that the property had not been rented since the 7th day of March, 1929, the date upon which the defendant refused to carry out the terms of the agreement.

We think that the questions of whether the Fidelity corporation had the authority to enter into the lease agreement, and to carry out the terms thereof, as well as the measure of damages, should have been submitted to the jury, for its determination.

The judgment under review will be reversed.

*For affirmance*—None.

