SAMUEL SILBER, PLAINTIFF-APPELLANT, v. JAMES DRUG STORES, INC., A BODY CORPORATE, DEFENDANT-RESPONDENT.

Argued January 16, 1940—Decided March 18, 1940.

Before Justices TRENCHARD, CASE and HEHER.

For the appellant, *David L. Schwartz* (*Herbert A. Kuvin*, of counsel).

For the respondent, *Samuel M. Goodman* (*Bernard Freedman*, of counsel).

The opinion of the court was delivered by

HEHER, J.   On April 19th, 1938, the plaintiff herein instituted an action against the defendant corporation in the Essex Circuit Court for the recovery of salary and a fixed weekly allowance for expenses alleged to have accrued under an express contract of employment, and an unpaid declared dividend on certain shares of the defendant corporation's common stock held by plaintiff.

The complaint was in four counts:   (1) The first pleaded a contract made on November 15th, 1935, whereby plaintiff entered into defendant's employ as general manager and salesman in consideration of the payment of a weekly salary of $40 and, in addition, $5 per week "in lieu of all general expenses which the plaintiff might incur in the further performance of his duties" as such, and non-payment of the

weekly expense allowance for ninety-two weeks, the period of plaintiff's service, or the total sum of $460; (2) the second averred defendant's agreement on May 1st, 1936, "to increase" plaintiff's "salary from $40 to $50 per week," which increase plaintiff did not withdraw as earned, but permitted to accumulate, and a total indebtedness therefor of $350; (3) the third asserted a claim of $21.75 for an unpaid declared dividend on defendant's common stock; and (4) the last merely declared plaintiff's willingness to set off $66.02, acknowledged to be due defendant from plaintiff.

Defendant interposed a general denial of the indebtedness so alleged, and counter-claimed for moneys paid on plaintiff's account in the aggregate sum of $137.52. The answer to the counter-claim denied this claim in part.

The issue was tried before a jury. On defendant's motion, a nonsuit was "granted as to the first count;" and the jury returned a verdict for plaintiff in the sum of $305.73, and "no cause for action" on the counter-claim. The trial judge directed that this verdict "be molded so that the same be a verdict of $350 in favor of the plaintiff * * * and a verdict of $44.27 in favor of the defendant * * * on the counter-claim." Judgment was entered accordingly, and there was no appeal. The judgment was fully satisfied on December 24th, 1938.

Thereafter, on February 8th, 1939, the instant action was commenced upon the same cause of action pleaded in the first count of the complaint filed in the Circuit Court action; and the District Court judge, upon the admission in evidence of the record of that cause, dismissed the action upon the ground that "the right of action set forth in the state of demand in the District Court had been merged in the judgment for plaintiff entered in the Essex County Circuit Court and that the plaintiff had no further right of action."

Plaintiff now invokes the doctrine that a judgment of non-suit is not a bar to a subsequent suit upon the same cause of action—citing *Beckett* v. *Stone*, 60 *N. J. L.* 23; *Carey* v. *Hejke*, 119 *Id.* 594; *The Automobile Insurance Co.* v. *Conway*, 109 *N. J. Eq.* 628; *Federal Schools, Inc.*, v. *Sidden*, 14 *N. J. Mis. R.* 892. But that procedural rule is not appo-

site here. The matters pleaded in the first and second counts of the action brought in the Circuit Court constituted but one cause of action arising out of an indivisible contract for the rendition of personal service by the plaintiff in consideration of the payment of salary at the stipulated weekly rate and a fixed weekly additional payment "in lieu of all general expenses" which "might" be incurred by plaintiff in the performance of his contractual undertaking. *Dixon* v. *Smyth Sales Corp.*, 110 *N. J. L.* 459; *United Boxboard and Paper Co.* v. *McEwan Bros. Co.*, 76 *Atl. Rep.* 550. The allegations are not susceptible of any other interpretation. The agreement made the basis of the second count was a mere modification of the primary contract, and inseparable from it. The contrary contention was not made at the trial; nor is it interposed here.

And it is the settled rule that a single or entire cause of action cannot be subdivided into several claims, and separate actions maintained thereon. This formula was devised to prevent repeated litigation between the parties in regard to the same subject of controversy, and to avoid the wholly unnecessary and unjustifiable inconvenience and expense incident thereto. *Smith* v. *Red Top Taxi-Cab Corp.*, 111 *N. J. L.* 439; *Weber* v. *Morris and Essex Railroad Co.*, 36 *Id.* 213; *Paton* v. *Doyne*, 74 *Id.* 319; *F. W. Woolworth & Co.* v. *Zimmerman*, 13 *N. J. Mis. R.* 505. Where the contract is entire and indivisible, there can ordinarily arise but one cause of action for its breach. While there may be separate and distinct successive breaches of the one contract, giving rise to several causes of action, the action begun must combine all breaches which have theretofore occurred. 1 *C. J. S.* 1316 *et seq.*

While the splitting of a cause of action consists in the commencement of an action for only a part of the cause of action (1 *C. J. S.* 1306), that was in legal effect the course taken here, for the plaintiff, by separate counts of the complaint filed in the Circuit Court action, unequivocally subdivided his cause of action, and thereby created the situation which eventuated in a nonsuit as to the first count. Thus he invited consideration of his pleaded breaches of contract as

giving rise to separate and distinct causes of action; and he will not now be heard to complain that his cause of action was treated as divisible throughout the proceeding. Under our practice, separate counts are employed for the pleading of "separate and distinct causes of action (as distinguished from separate claims for relief founded on the same cause of action or transaction) * * *." Rule 52 of this court, derived from rule 36 of the schedule of rules annexed to the Practice act adopted in 1912. *Pamph. L., pp.* 377, 391. If this rule had been followed, the action of the trial judge in excluding a part of the pleaded claim from the jury's consideration would have been reviewable on appeal, if reserved by an appropriate exception; and this was likewise true of the entry of a nonsuit as to the first count of the complaint.

And so there is no occasion to apply the principle that a judgment of nonsuit in a former action between the same parties is not a bar to another suit for the same cause of action. The judgment entered in the Circuit Court action is conclusive of the fact that all damages recoverable by the plaintiff for breaches of the contract of employment were embraced in that recovery. *Weber* v. *Morris and Essex Railroad Co., supra.*

This also disposes of the first point made by plaintiff—*i. e.,* that, in thus dismissing the action before plaintiff was given an opportunity to adduce his evidence, the trial judge deprived him "of a fair trial on all the issues in the matter." Specifically, the point seems to be that plaintiff was denied the opportunity of introducing evidence tending to show that the "judgment entered in the Circuit Court action was not predicated on the same cause of action as brought in the District Court but that the jury" in the first action was "expressly directed * * * to disregard the claim asserted by the plaintiff therein as contained in the first count thereof since the said plaintiff had been nonsuited on that count"—citing *Sullivan* v. *Aetna Casualty and Surety Co.,* 14 *N. J. Mis. R.* 890; *affirmed,* 115 *N. J. L.* 253.

As stated, plaintiff was not at liberty thus to split his cause of action for damages for breach of the contract; and it was therefore immaterial that he had been nonsuited as to the

first count of the complaint filed in the Circuit Court action. The subject-matter thereof was not, for that reason, a cause of action separate and distinct from that upon which judgment was entered in that cause.

It follows that the District Court judge properly dismissed the instant action; and the judgment is accordingly affirmed, with costs.