Plaintiff, A. M. Blank Co., Inc., tenant of premises located at 49 State Street, Paterson, New Jersey, seeks to restrain the prosecution of a dispossess action instituted and now pending in the First District Court of the City of Paterson.
The plaintiff originally leased the premises from Franz C. Reinhardt who died in 1943. Thereafter, the executors of Reinhardt's estate conveyed the premises to their present owner, the defendant Giant Mills, Inc. The other defendant, Industrial Management Co., has collected rents and has engaged in other management duties, as agent for the owner, defendant Giant Mills, Inc. *Page 195 
A communication, dated July 18th sent by the defendant, Industrial Management Co., called the plaintiff's attention to the provision in its lease against subletting, advised that it had breached the lease by permitting a portion of the premises to be used by a sub-tenant (Abtex Trading Co.), and stated that unless the condition were remedied within ten days dispossess proceedings would be instituted. A further communication dated July 28th, sent to the plaintiff by defendant Industrial Management Co., stated that since the sublease of the premises had not been terminated, the lease was declared forfeited and demanded that the plaintiff surrender the premises. Thereafter, dispossess proceedings in the First District Court of the City of Paterson were instituted and were followed by the filing of a bill of complaint in the Court of Chancery which, among other matters, denied any subletting, alleged acceptance of rent with full knowledge of the occupancy of the premises, and sought a restraint of the district court action. An accompanying order to show cause with ad interim restraint was allowed by Vice Chancellor Lewis. Motion to strike the bill of complaint was duly made but decision thereon was reserved until after final hearing.
The testimony introduced before the Vice Chancellor at the final hearing in support of the injunctive relief sought was confined to establishing (1) that any use or occupancy of any portion of the premises by the Abtex Trading Co. was without rental or compensation and was not a sublease in violation of the terms of the lease, and (2) that, in any event, such use or occupancy was with full knowledge of the landlord who accepted plaintiff's rental payments thereafter and that consequently the landlord had waived, or was estopped from asserting, the breach of the lease.
The defendants urge that plaintiff's assertions are properly cognizable in the prior district court proceedings and that consequently the subsequent Chancery proceeding should be dismissed. The defendants' position is fully supported by the recent decision of the Court of Errors Appeals in Crest DrugStore, Inc., v. Levine, 142 N.J. Eq. 652 (E. A. 1948). There a bill in Chancery sought to restrain a prior district court *Page 196 
proceeding to dispossess a tenant who had allegedly violated a term of the lease prohibiting the use of the leased premises for other than drug store purposes. The tenant alleged waiver and estoppel in addition to his denial that there had been any violation of the lease properly construed. The Court of Errors 
Appeals ordered the bill stricken, pointing out that the tenant could obtain a construction of the lease and a determination of whether it had been violated in the district court and could also there "assert the defenses of waiver and estoppel alleged in the bill of complaint, with the same force and effect as in Chancery.LaRosa v. Nichols, 92 N.J.L. 375; North v. Jersey KnittingMills, 98 N.J.L. 157; ElMora Super Service Station v.Byrnes, 117 N.J. Eq. 342."
Under pertinent legislative enactments and the authority of the court of last resort, the district court had complete jurisdiction to determine the issues presented by the parties. Under the circumstances, it would be unseemly and contrary to basic principles of sound judicial administration for this court to restrain the earlier proceeding and thereafter determine the same issues. Nothing in the Judicial Article of the Constitution of 1947 or its implementing legislation or rules in anywise alters the propriety of this conclusion.
Judgment of dismissal will be entered.