VAN DUSEN AIRCRAFT SUPPLIES, INC., PLAINTIFF-RE-
SPONDENT, v. TERMINAL CONSTRUCTION CORPORA-
TION, DEFENDANT-APPELLANT.

Argued November 21, 1949—Decided December 19, 1949.

*Mr. Aaron Heller* argued the cause for the appellant (*Messrs. Heller & Laiks,* attorneys).

*Mr. Arthur J. O'Dea* argued the cause for the respondent.

The opinion of the court was delivered by

OLIPHANT, J. Defendant appeals from a judgment entered in favor of plaintiff-respondent as the result of a jury verdict in the Superior Court, Bergen County. While the appeal was pending in the Appellate Division it was certified here on our own motion pursuant to *Rule* 1 :5–1(a).

Plaintiff instituted an action for the alleged breach of a contract which had been entered into between the parties on August 7, 1946, for the erection of a "Standard Quonset" at Teterboro Airport. That contract provided, *inter alia,* that the building was to be erected "on standard cinder block foundation with 4″ monolithic concrete slab poured throughout the building area." It is conceded the foundation was not so constructed but was built with a 4″ drop slab construction. Plaintiff paid the full contract price, the last payment being made on September 21, 1946.

Some time after final payment, on January 21, 1947, plaintiff says it was advised defendant had failed to build the foundation as contracted for and requested the contract terms be complied with. Defendant did not do so and this action was brought for damages alleged to have been occasioned by the failure to install the cinder block foundation and for loss of profit due to the resulting delay in making use of the building.

Defendant contends that after the contract was made an inspection of ground conditions at the site and the consideration of airport regulations made the use of cinder block foundation inadvisable. It alleges and attempted to prove at the trial that Mr. George Galipeau, a Vice President of the plaintiff company, was notified of this and of the fact that it would be better building practice to install a monolithic 4″ slab foundation and that he agreed thereto. The further contention is made that this waiver of the contract provision is also evidenced by the acceptance of and payment for the building by plaintiff and its failure to call defendant's attention to the matter for a period of four months thereafter.

At the trial defendant was not permitted to introduce any evidence as to conversations it had with Mr. Galipeau relating to contract changes or any statement made by him indicating his acceptance of the building on behalf of his company in its completed form. The learned trial judge based his refusal to permit such testimony on the ground it was offered to vary the terms of the written contract, that it violated the parol evidence rule and that the doctrine enunciated in *Naumberg v. Young,* 44 *N. J. L.* 331 (*Sup. Ct.* 1882), controlled.

The trial court misconceived the purpose of the proffered testimony. The law is generally that if the benefit of a provision in a contract is waived compliance therewith is excused and the party waiving it cannot thereafter insist on its performance. *Wilson v. Renner*, 85 *N. J. L.* 340 (*E. & A.* 1913). No attempt was being made to alter or enlarge the provisions of the written contract. What the defendant was endeavoring to prove was that the foundation provisions of the contract were waived and a new, separate and distinct oral agreement entered into with respect thereto. The testimony was admissible for these purposes if supported by competent proof of the authority of Mr. Galipeau to act for his principal in the premises and of a consideration for the new agreement.

A waiver or novation may be made by oral agreement of the parties. In *Headley v. Cavileer*, 82 *N. J. L.* 635, 638 (*E. & A.* 1912), it was held "No matter how stringently such clauses may be worded, it is always open for the parties to agree orally or otherwise, upon proper consideration, that they shall be partially or entirely disregarded and another arrangement substituted. Were any different rule adopted, the right of contract would be to that extent impaired. So that until the legislature sees fit to enact some statute of frauds covering this point, building contracts solemnly entered into in writing and under seal must be subject to radical change by the mere conversation of the parties if such conversation answers the tests of a contract at common law * * *," and that case was cited and followed in *Ball v. Metalwash Machinery Co., Inc.*, 123 *N. J. L.* 285, 289 (*E. & A.* 1939), wherein the Court said "The oral agreement of July 7, 1932, between the parties was neither illegal nor violative of any rule of public policy. Under such circumstances, it is settled law that 'parties to an existing contract may by mutual consent, modify or change it by altering or excising certain of its provisions, or by adding new provisions thereto * * * and (all) this may be done orally (as here) even though the original contract be in writing.'" This court held, in *Ross et al. v. Orr*, 3 *N. J.* 277, that while it is true where a written contract purports to contain the

whole agreement and it is not apparent from the writing itself that something is left out to be supplied by extrinsic evidence, parol evidence to add to its terms is not admissible, nevertheless a written contract may be altered or changed by a subsequent agreement if based on a proper consideration. *Cf.* 3 *Williston on Contracts,* §§ 679, 680.

The proof offered was further clearly admissible to show acceptance of any payment for the building by plaintiff and its failure to call attention to the change for a period of approximately four months between the time of completion of the building and plaintiff's request that the contract terms be complied with. *Bozarth v. Dudley,* 44 *N. J. L.* 304 (*Sup. Ct.* 1882); *Feeney v. Bardsley,* 66 *Id.* 239 (*E. & A.* 1901); *Sun Dredging, etc., Co. v. Ottens,* 84 *Id.* 740 (*E. & A.* 1913); 3 *Williston on Contracts,* § 724.

Plaintiff answers defendant's contention as to waiver of and novation as to the foundation construction provision by saying defendant failed to show that Galipeau had authority to act for the corporation or to bind it. An officer of a corporation has no power, merely by virtue of his office, to alter the provisions of a formal agreement under seal, made for the benefit of the corporation. Such power must be conferred on him by the charter or by-laws, or by corporate action of its stockholders or directors, or be within apparent powers which the corporation has caused those with whom its officers have dealt to believe it has conferred upon him. *K. S. S. Realty Co., Inc., v. Ostroff,* 100 *N. J. Eq.* 128 (*Ch.* 1927); affirmed, 101 *N. J. Eq.* 771 (*E. & A.* 1927).

While the contract was signed on behalf of plaintiff by F. R. Wright, Jr., a Vice President, the negotiations leading up to it were carried on between a Richard Dinallo, representing the defendant, and Mr. Galipeau for the plaintiff. Galipeau was a Vice President of the plaintiff company, was manager of its eastern division with headquarters in New York and was in charge of its operations in this area at the time.

The trial court excluded all evidence of conversations of the defendant with Mr. Galipeau on the theory that agency

could not be established by the mere oral declaration of the
alleged agent as to his authority. The rule is that evidence
of a statement by an agent concerning the existence or extent
of his authority is not admissible against the principal to
prove its existence or extent, unless it appears by other evi-
dence that the making of such statement was within the
authority of the agent or, as to persons dealing with the agent,
within the apparent authority or other power of the agent.
*Restatement of the Law, Agency,* § 285.

The defendant was entitled to an opportunity to
establish the authority of the agent in order to bind the cor-
poration by proof that his words or acts were within the
apparent powers which the corporation had caused those
with whom its agents dealt to believe it had conferred upon
him. *Cf. Dowden v. Cryder,* 55 N. J. L. 329, 332 (*E. & A.*
1893); *Ryle v. Manchester Building & Loan Ass'n,* 74 *Id.*
840, 845 (*E. & A.* 1907); *Aerial League of America v. Air-
craft Fireproofing Corp.,* 97 *Id.* 530, 532 (*E. & A.* 1922).
Where the authority of the agent is disputed, the question is
one for the jury. *Dierkes v. Hauxhurst Land Co.,* 80 N. J. L.
369 (*E. & A.* 1911). Since waiver of a written contract may
be shown by the words and acts of the party entitled to insist
on performance, *Headley v. Cavileer, supra; Ross et al. v.
Orr, supra;* it became a jury question as to whether the
authority of Galipeau was within the apparent powers which
the corporation caused those with whom its officers dealt to
believe it had conferred upon him.

The record shows Galipeau visited the scene of con-
struction several times and saw the building when completed.
Whether or not he had actual knowledge at the time that a
drop slab construction had been substituted for a cinder block
construction is not clear since questions to that end were not
allowed. This was another question of fact the jury was
entitled to pass upon in determining if he had the right to
waive the latter type on behalf of his corporation.

While not necessary to our decision of the case we deem it
advisable, as the issue must be retried, to set forth our views
concerning the proof on the question of damages, assessed by

the jury at $2,500. The basis for this award was plaintiff's claim of a delay for about a month in occupying the building in attempting to figure out a way of putting in the plumbing, due to defendant's failure to adhere to the contract terms and thereby causing a loss of profits. Exceptions to the testimony as to this loss and the charge of the court with respect thereto were properly taken.

Damages recoverable for a breach of contract must be such as might reasonably be supposed to have been within the contemplation of the parties when the contract was made, and if the damages are the result of special circumstances then the proofs must show that the special circumstances were communicated, so as to have been within the contemplation of the parties at the time the contract was made. *Wolcott, Johnson & Co. v. Mount,* 36 N. J. L. 262, 271 *(Sup. Ct.* 1873).

Loss of profits are only recoverable as damages where they might have been realized and are capable of being estimated with a reasonable degree of accuracy. *East Jersey Water Co. v. Bigelow,* 60 N. J. L. 201 *(E. & A.* 1897), but profits which are remote, uncertain or speculative, are neither an element of damages nor evidence thereof. *Woschenko v. C. Schmidt & Sons, Inc., et al.,* 2 N. J. 269 *(Sup. Ct.* 1949). *Cf. Slater Realty Corp. v. Meys,* 137 N. J. L. 263 *(Sup. Ct.* 1948).

The rule of damages where a building is substantially completed, but is defective in some particulars, is the cost of making good the omitted or defective work. *Feeney v. Bardsley, supra; Anderson v. Odd Fellows Hall Ass'n,* 84 N. J. L. 176 *(Sup. Ct.* 1913), reversed on other grounds, 86 N. J. L. 271 *(E. & A.* 1914).

Judgment reversed to the end that a *venire de novo* may issue.

*For reversal*—Chief Justice VANDERBILT, and Justices CASE, HEHER. OLIPHANT, WACHENFELD, BURLING and ACKERSON—7.

*For affirmance*—None.