17 N.J. Super. 591 (1952)
86 A.2d 427
RICHARD DRIES, PLAINTIFF-RESPONDENT,
v.
TRENTON OIL CO., INC., DEFENDANT-APPELLANT, AND HORACE SMITH, HORACE SMITH, JR., DEFENDANTS.
Superior Court of New Jersey, Appellate Division.
Argued December 17, 1951.
Decided January 15, 1952.
*593 Before Judges JACOBS, EASTWOOD and BIGELOW.
Mr. George M. Hillman argued the cause for the plaintiff-respondent.
Mr. George Warren argued the cause for the defendant-appellant.
The opinion of the court was delivered by EASTWOOD, J.A.D.
On February 6, 1946, the plaintiff, George Dries, leased the premises in question to George Seitz and Herbert Amison, for a term of five years, commencing March 1, 1946, together with an option to renew for a further term of five years at a higher rental, provided that the lessees give written notice of their intention to *594 exercise the option 60 days prior to the expiration of the first five-year period.
On the same date, the lessees, Seitz and Amison, sublet the premises to Trenton Oil Company, Incorporated (hereinafter referred to as the "oil company"), on terms similar to the primary lease, except that provision was made for the option to renew the same upon a year-to-year basis for a total not exceeding five years. Attached to this sublease was a consent executed by the original lessor, George Dries.
In November, 1950, more than three months prior to the expiration of the original term, the plaintiff allegedly visited the office of Anthony E. Conte, president of the defendant oil company, and discussed the terms of the lease and the continuation thereof under the terms of the option. The oil company asserts that an agreement was reached with plaintiff for the renewal of the lease and, relying thereon, no written notice of exercise of option to renew was given plaintiff under the terms of the original lease. After the time for giving the required written notice had expired, the plaintiff communicated with defendant declaring the lease to be at an end. An action for ejectment was instituted in the Superior Court, Law Division, and at the end of defendant's case, the court granted the plaintiff's motion for a directed verdict against the defendant, on the ground that defendant had failed to properly exercise its option to renew under the terms of the lease. The oil company appeals to this court from the ensuing judgment.
The oil company contends that the trial court erred in: (1) excluding testimony concerning circumstances surrounding the execution of the two leases and negotiation preliminary to the alleged agreement of November, 1950; and (2) granting plaintiff's motion for directed verdict.
We are satisfied that the court correctly excluded testimony sought to be admitted by the appellant concerning the circumstances surrounding the execution of the two leases. The appellant contends that "one of the vital questions in the case was whether the plaintiff was bound by *595 the terms of the second lease" and, therefore, the court erroneously "refused to permit testimony concerning the circumstances surrounding the execution of the two leases and bearing on the intent of the parties, particularly of the plaintiff." A careful examination of the portions of the two leases appearing in the appendix convinces us that there is no uncertainty or ambiguity in either, but, on the other hand, they clearly state the terms and conditions provided therein. The New Jersey rule is settled that
"* * * where there is a clear implication of fact from the writing itself that it fully expresses the whole bargain between the parties (here it is explicit), contradiction of the implication by parol evidence is no more permissible than the contradiction of the express terms of the writing. There is an obvious difference between an implication based on an inference of actual manifestation of assent and an implication made by the law to fill a gap in what has been expressed. Marcus & Co., Inc., v. K.L.G. Baking Co., Inc., 122 [N.J.L.] 202; Cohn v. Dunn, supra; Williston on Contracts (Rev. Ed.), secs. 633, 640; 32 C.J.S. 789; 46 A.J. 343. Extrinsic evidence of an agreement at variance with an implication of fact in the integration itself is on principle inadmissible, for what is clearly implied from the writing derives its force from the common intention of the parties equally with the express stipulations. The memorial here on its face purports to embody all the stipulations of the contract; and the admission of parol evidence of an agreement for performance at a fixed time and by the medium of a particular carrier served to vary the implications of fact in these particulars contained in the writing, and thus there was error in matter of law." The Zone Co. v. Service Transportation Co., Inc., 137 N.J.L. 112, 117, 118 (Sup. Ct. 1948).
There was no error in the court's rulings.
We find that the court erred in directing a verdict in favor of the plaintiff. There was evidence adduced by the oil company, unrefuted by the plaintiff, that prior to the 60-day notice required for a renewal of the primary lease an agreement was entered into between the plaintiff and the oil company for a renewal of the lease at the increased rental of $175 per month and the oil company, relying upon that agreement, deemed it unnecessary to give the 60-day notice of intention to renew. We think this testimony *596 clearly raised a factual issue as to whether the plaintiff did waive the necessity for the 60-day notice and was thereby estopped from claiming any benefit from the failure of the defendant to give such notice. It is clear that the subletting by the original tenants to the oil company for the full term of the primary lease constituted an assignment. The oil company so contends and the plaintiff apparently concedes such a legal result as evidenced by the plaintiff's statement in his brief that "a lease of which the defendant was the assignee clearly set forth the method of exercising the option to renew. * * *" Under circumstances such as those prevailing here, the New Jersey rule is well settled that "* * * where the whole term of a lease is transferred by the lessee to a third party the instrument of transfer amounts to an assignment and not to a sublease. The test is whether the instrument dealing with the lease is to pass the whole of the lessee's interest." Wilson v. Cornbrooks, 104 N.J.L. 418, 422 (E. & A. 1928). It necessarily follows that the oil company possessed the same privilege as did the lessees of the primary lease to exercise the renewal option. Matlack v. Arend, 2 N.J. Super. 319, 331 (Ch. Div. 1949). The requirement in the primary lease for written notice of intention to renew could be waived and such a waiver could be effected either by parol agreement or by the actions of the parties. Headley v. Cavileer, 82 N.J.L. 635 (E. & A. 1912); Goldstein v. Barclay Amusement Corp., 123 N.J.L. 166 (Sup. Ct. 1939); Van Dusen Aircraft Supplies, Inc., v. Terminal Const. Corp., 3 N.J. 321 (1949). It is conceivable that if the evidence of the oil company's witness that a specific oral agreement for renewal of the lease was entered into by the parties and that the oil company, relying thereon, did not deem it necessary to give the required notice of its intention to renew, were accepted and given its full probative value, it might well warrant the jury in finding the plaintiff had waived the necessity for the written notice and was, therefore, estopped from enforcing its action for possession.
*597 "One of the essential elements of estoppel is that the party who seeks the benefit of it must have relied upon the representations or conduct of the other party and thereby have been led into such a course of conduct that he will now be substantially prejudiced if the other party be permitted to repudiate his former action or representation. Waiver is a designation of the act, or of consequences of the act, of one side only, and it refers to an intentional abandonment or relinquishment of a known right." Smith v. National Commercial Title, &c., Co., 120 N.J.L. 75, 83 (E. & A. 1938); Lawes v. Lynch, 6 N.J. 1, 11 (1950).
The judgment is reversed and the cause is remanded for trial de novo. Costs to abide the event.