33 N.J. Super. 315 (1954)
110 A.2d 143
HELEN MARMOR STARK, PLAINTIFF-RESPONDENT,
v.
NATIONAL RESEARCH AND DESIGN CORP., A NEW YORK CORPORATION, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued November 15, 1954.
Decided December 17, 1954.
*319 Before Judges GOLDMANN, FREUND and SCHETTINO.
Mr. Morris Dobrin argued the cause for the defendant-appellant.
Mr. Louis Santorf argued the cause for the plaintiff-respondent.
The opinion of the court was delivered by FREUND, J.S.C. (temporarily assigned).
The plaintiff, Helen Marmor Stark, is the lessee of a room in a building in Passaic, New Jersey, for a term of three years from March 1, 1952 to February 28, 1955, under a written lease which provides that it not be assigned nor the premises underlet without the landlord's written consent. In March 1953 she negotiated with the defendant an agreement whereby she orally agreed to assign her interest in the lease from May 1, 1953 for the remainder of the term at the rental stipulated in the lease and to sell to the defendant the venetian blinds and linoleum tile installed in the room. The defendant acknowledged this agreement by letter dated April 2, 1953, which reads as follows:
"This is to acknowledge our agreement to take over your contract with Kanter Building for leasing room No. 201 in Kanter's Building at 30-34 Howe Avenue, Passaic, New Jersey from May 1, 1953 up *320 to the expiration date of said lease on March 1, 1955. We agree to reimburse you for venetian blinds installed in said room and linoleum floor tiles at actual cost to you. As we have no use for the wood partitions, we would rather have you dispose of same, any way you please.
This agreement is subject to approval by the owner of the building."
The landlord gave his approval and he so testified. Thereafter, the plaintiff removed the wooden partitions and her personal property. On May 1, she tendered the key and possession to the defendant, but it refused to accept, informing her that other premises had been rented. This suit was brought to recover rent which the defendant had agreed to pay, but did not pay, for eight months, totalling $870, and $130 for the blinds and linoleum  in all, $1,000. The Passaic County District Court entered judgment in the plaintiff's favor for the full amount, and the defendant appeals.
In its memorandum the court below found as a fact "that the defendant agreed to sub-lease and rent * * * from the plaintiff for the balance of the term," and concluded "as a matter of law that the writing dated April 2, 1953, is an agreement by the defendant to lease from the plaintiff Room 201 in the Kanter Building, at 30-34 Howe Avenue, Passaic, New Jersey, for a period beginning May 1, 1953 and to terminate and expire on March 1, 1955 under the same terms and conditions as set forth in the original lease as held by the plaintiff * * *." We agree with the court's conclusion, but we do not agree that the arrangement was a subletting.
The distinction between an assignment and a subletting is well defined. An assignment is the transfer of the whole interest of the assignor; a sublease occurs where the lessee lets the premises for a lesser term than he has in the premises or where he leases a part of the premises. The test is whether the original lessee retains a reversionary interest or transfers his entire term. Where the whole term of the lease for all the premises is transferred by the lessee to a third party, the transfer amounts to an assignment and not a *321 sublease. Firth v. Rowe, 53 N.J. Eq. 520 (Ch. 1895); Wilson v. Cornbrooks, 104 N.J.L. 418 (E. & A. 1928); Dries v. Trenton Oil Co., Inc., 17 N.J. Super. 591 (App. Div. 1952). A covenant against one does not include the other. A covenant against assignment of a lease is not violated by a subletting, nor is a covenant against underletting breached by an assignment. Posner v. Air Brakes & Equipment Corp., 2 N.J. Super. 187 (Ch. Div. 1948).
Here, the parties contemplated an assignment of the lease and not a subletting. The plaintiff was not to retain any reversionary interest. Her entire interest in the lease and the premises for the balance of the term was to be transferred to the defendant, and the defendant so agreed. The trial court's ruling that the transaction was to be a subletting was error. Nor was it an assignment of the lease. The plaintiff established an agreement for an assignment of the lease, and a breach of the agreement by the defendant. Whether a transaction constitutes an assignment of a lease or an agreement for an assignment is for the determination of the court in accordance with the generally recognized legal rules for the construction of contracts, and an important element is the intention of the parties. LeWine, New Jersey Landlord and Tenant (2nd ed.), § 137, p. 347; 51 C.J.S., Landlord and Tenant, § 53, p. 589.
Manifestly, there is a distinction between the rights and liabilities of parties to an assignment of a lease and parties to an agreement for an assignment. The assignee takes all the interest in the premises which the assignor had. It is not necessary that he actually enter into possession of the demised premises in order to charge him with liability. Upon proof of acceptance of the assignment, an assignee is liable for rent under the lease. Iarussi v. Eagle Brewing Co., 93 N.J.L. 466 (E. & A. 1919); Taylor, Landlord and Tenant (9th ed.), §§ 16, 109 and 426. Where there is an agreement for an assignment of a lease, the proposed assignee who refuses to perform is not liable for rent under the lease, but for damages for breach of contract. Cooper v. Aiello, 93 N.J.L. 336 (Sup. Ct. 1919); Ocean City Co. v. Johnstone, *322 110 N.J.L. 596 (E. & A. 1933); Weiss v. Revenue Building & Loan Association, 116 N.J.L. 208 (E. & A. 1935).
The appellant argues that in order to hold it liable for breach of an agreement to assign, the plaintiff was required to prove a tender of a written assignment under R.S. 25:1-2. Under the facts of this case there is no merit to this point for several reasons. The defendant had acknowledged in writing the agreement with the plaintiff for the assignment, but refused the key to the premises and declared that it would not perform the agreement. Accordingly, it would have been futile for the plaintiff to have tendered a written assignment; the law does not require the performance of futile acts.
Furthermore, the lease itself was for three years, and the term of the unexpired portion which was to be assigned was from May 1, 1953 to February 28, 1955, a period of less than two years. Our statute, R.S. 25:1-1, does not require leases for a term of less than three years to be in writing. It has been held that if the term is less than the statutory period it may be transferred by oral agreement. 3 Thompson on Real Property (Perm. ed.), § 1400, p. 611.
It is next urged that the lease required the written consent of the landlord and that this was not obtained. There is no substance in this contention. The landlord testified that he had consented to and approved the proposed assignment. This assuredly constituted a waiver of the covenant against assignment without written consent. Dries v. Trenton Oil Co., Inc., supra; Van Dusen Aircraft Supplies, Inc., v. Terminal Const. Corp., 3 N.J. 321 (1949).
Moreover, a covenant in a lease against assignment or subletting is personal to the lessor; it is made for his benefit and may be availed of only by him or his successors in interest. He may waive it or ignore a breach thereof. Accordingly, objection to an assignment that has not been assented to can be raised only by the lessor. North v. Jersey Knitting Mills, 98 N.J.L. 157 (E. & A. 1922); Garbarine v. Reade, 95 N.J. Eq. 495 (Ch. 1924); Plassmeyer v. Brenta, 24 N.J. Super. 322 (App. Div. 1953); *323 Restatement, Contracts, § 176; 51 C.J.S., Landlord and Tenant, § 33, p. 542. An assignment of a lease containing a covenant against assignment is good as between the assignor and the assignee, and the latter takes it subject to the rights of the lessor to recover for breach of the covenant. Annotation 148 A.L.R. 1361.
As in other cases for breach of contract, the plaintiff is under a duty to minimize damages to the extent that a prudent person would do under the circumstances. Restatement, Contracts, § 336. The defendant itself established that the plaintiff endeavored without success to secure a tenant. She had inserted an advertisement in the local newspaper and after three days was compelled to discontinue it because the landlord, having consented to the assignment to the defendant, refused to consent to any further assignment or subletting. The defendant brought the situation upon itself by reason of its own default.
The lessee's assignment of the lease with the consent of the lessor does not relieve the lessee of his contractual undertakings in the lease. Gerber v. Pecht, 15 N.J. 29 (1954). The plaintiff, therefore, was required to perform, and did perform, her obligation for the payment of rent under the lease.
We point out the distinction between the remedies of a lessor or assignor against a lessee or assignee, and for breach of a contract to lease or assign. For failure to pay rent under a lease, the lessor has a continuing cause of action and may sue for rent upon each recurring period, or at the end of the term, whereas for breach of contract there is but one cause of action for the recovery of damages. Silber v. James Drug Stores, Inc., 124 N.J.L. 401 (Sup. Ct. 1940); Cohen v. Wozniak, 16 N.J. Super. 510 (Ch. Div. 1951); 1 C.J.S., Actions, § 103, p. 1318 and § 103(8), p. 1327; 51 C.J.S., Landlord and Tenant, § 250, p. 883.
Generally, the measure of damages in an action for breach of an agreement to enter into a lease is the difference between the rent reserved in the agreement and the rental value of the premises for the term. Here, when the *324 defendant refused to perform, a cause of action arose immediately. Cooper v. Aiello, supra; Weiss v. Revenue Building & Loan Ass'n, supra; Gross v. Strazza, 1 N.J. Misc. 183 (Sup. Ct. 1923). However, the plaintiff sued for, and the court allowed, the rent stipulated in the agreement. In the instant matter, the plaintiff, when the defendant agreed to take over the leased premises, retired from her business, removed the partitions and sold the blinds and linoleum to the defendant, so that on May 1, 1953, the vacant room was available to the defendant. When the defendant refused to take possession, it was no longer possible for the plaintiff to be placed in her former position. Until March 1, 1955 she is obligated to pay the landlord the rent reserved under her lease, which under present circumstances will result in a total loss to her. Had the plaintiff brought her cause of action for breach of agreement, her damages would undoubtedly have exceeded the amount of the judgment of $1,000, the district court maximum. Ordinarily, an erroneous admeasurement of damages might be remanded for correction, but the amount of the judgment is not in dispute; it is at least as much as would be recoverable for breach of the agreement and under the circumstances we are of the opinion that the judgment should be affirmed.