16 N.J. Super. 510 (1951)
85 A.2d 9
EMANUEL J. COHEN, PLAINTIFF,
v.
ELENA WOZNIAK, DEFENDANT.
Superior Court of New Jersey, Chancery Division.
Decided November 29, 1951.
*511 Messrs. Sandles & Sandles (Mr. Lester Sandles appearing), attorneys for plaintiff.
Mr. Ralph N. Solodar, attorney for defendant.
STEIN, J.S.C.
Plaintiff conducted a butcher shop at 440 Avon Avenue in the City of Newark in premises owned by the defendant. At the time of plaintiff's purchase of the business a lease was entered into between plaintiff and defendant for a term of five years with an option to renew for a further term of five years upon the same terms. Among the provisions of the lease was the following:
"The within lease and the above mentioned option may be assigned only upon the written consent of the party of the first part, which consent shall not be unreasonably withheld."
*512 On April 17, 1951, plaintiff entered into an agreement with Zeny Paul for the sale of the business. Defendant was requested to execute her written consent to an assignment of the lease. She refused. Plaintiff thereupon brought this suit for specific performance of the covenant in the lease and for damages resulting from defendant's breach of her agreement.
At the conclusion of the final hearing I decided that defendant's refusal to execute her consent to the assignment of the lease was arbitrary and unreasonable and granted specific performance. Decision was reserved on the question of damages.
It is asserted by plaintiff that the business was being conducted at a loss to the knowledge of the defendant. He seeks damages for the loss occasioned by the unreasonable withholding of her consent to the assignment.
It is undoubtedly the law that when either the lessor or lessee fails to perform a covenant on his part to do or refrain from doing a stipulated thing, the injured party may maintain an action for the breach thereof. Broad & Branford Place Corp. v. J.J. Hockenjos Co., 132 N.J.L. 229, 39 A.2d 80 (Sup. Ct. 1944); 32 Am. Jur., Landlord and Tenant, § 158, page 154.
The measure of damages upon the breach of a lease or of a covenant in a lease is governed by the general principles which determine the measure of damages on claims arising from breaches of other kinds of contracts. 32 Am. Jur., Landlord and Tenant, § 161, page 156.
In Weiss v. Revenue B. & L. Ass'n., 116 N.J.L. 208, 182 A. 891 (E. & A. 1935), Justice Heher speaking for the Court of Errors and Appeals with reference to damages for breach of contract said:
"Ordinarily, the prima facie measure of damages for the breach of a contract is the quantum of loss consequent thereon. The injured party is entitled to the value of the contract to him. It was this that he lost by the default of the other. Feldman v. Jacob Branfman & Son, Inc., 111 N.J.L. 37. But this general rule is subject to two *513 qualifications designed to confine within reasonable limits the appraisement of the consequences of the default, viz.: First, the damages shall be those arising naturally, i.e., according to the usual course of things, from the breach of the contract, or such as may fairly and reasonably be supposed to have been in the contemplation of the parties to the contract at the time it was made, as the probable result of the breach; and, second, they must be the reasonably certain and definite consequences of the breach, as distinguished from mere quantitative uncertainty."
See, also, Adrian v. Rabinowitz, 116 N.J.L. 586, 186 A. 29 (Sup. Ct. 1936).
The damages for breach of a landlord's covenant may also include special losses when specifically set forth and proved, when occasioned by the landlord's wrongful act or default and were reasonably within the minds of the parties at the time of the contract. 32 Am. Jur., Landlord and Tenant, § 162, at page 158. See, also, Weiss v. Revenue B. & L. Ass'n., supra.
In the instant case the damages sought are the losses actually sustained in the conduct of the business after defendant's breach. The defendant had knowledge that the business was being operated at a loss. Certainly plaintiff's losses can be characterized as those arising naturally, according to the usual course of things, from the breach of the contract. And such losses may also fairly and reasonably be supposed to have been in the contemplation of the parties to the contract at the time it was made, as the probable result of the breach. They are not speculative, but definite and are readily susceptible of ascertainment.
The parties may present an order consenting to a reference to a master to determine the amount of damages in accordance with this opinion.