**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4450-18T2

450 NORTH BROAD, LLC,
as assignee of PAROS, INC.,

 Plaintiff-Respondent,

v.

BRAKE-O-RAMA,
INCORPORATED, and
EUGENE DEANGELO, JR.,

 Defendants-Appellants.

_____

  Submitted December 16, 2019 – Decided January 23, 2020

  Before Judges Messano and Ostrer.

  On appeal from the Superior Court of New Jersey, Law Division, Bergen County, Docket No. L-4578-18.

  Law Offices of Peter G. Aziz & Associates, LLC, attorneys for appellants (Peter G. Aziz, on the brief).

  Snellings Law, LLC, attorneys for respondent (Anthony Louis Picarelli, Robert S. Snellings, and Christopher B. deBlank, on the brief).

PER CURIAM

Plaintiff, 450 North Broad, LLC, is assignee of a commercial lease between Paros, Inc., as landlord, and defendant, Brake-O-Rama, Inc., as tenant. Brake-O-Rama's president, Eugene DeAngelo Jr. (DeAngelo, and collectively, defendants), executed a personal guaranty assuring performance under a March 2015 extension of the lease for an additional five years at an annual rent of $72,000.

Plaintiff filed suit against defendants in June 2018, claiming that defendant failed to pay rent, additional rent, and charges under the lease and lease extension since February 2016, in the total amount of $121,096.83.[1] It also sought counsel fees of $40,361.57 and $537.92 in costs. Defendants filed an answer and counterclaim. It is unclear what discovery, if any, occurred before plaintiff moved for summary judgment, supported by a certification of its general counsel, Howard Berman, and the lease documents.

Defendants opposed the motion. Their opposition included a copy of a lease plaintiff signed with Family Dollar Stores of New Jersey, LLC (Family Dollar) in June 2016 for an annual rent of $125,000, and a July 2015 letter from Family Dollar specifying conditions for improvements at the property in

---

[1] Plaintiff evicted defendant from the premises, although it is unclear from the record exactly when plaintiff obtained a judgment of possession.

A-4450-18T2

anticipation of any lease. DeAngelo certified that Brake-O-Rama's lease with plaintiff contained notice and cure provisions that plaintiff failed to comply with prior to declaring default, and Family Dollar paid plaintiff $200,000 for leasehold improvements prior to its occupancy. In essence, defendants asserted no rent was due and owing after June 2016, and, because plaintiff suffered no monetary losses, there was "a material question of fact as to whether . . . plaintiff . . . suffered any damages." As to the claim for counsel fees, defendants asserted "plaintiff . . . failed to provide a certification of attorney's fees as required under the court rules."

Berman's reply certification stated plaintiff did not obtain a certificate of occupancy permitting Family Dollar to occupy the premises until April 2017, after making all necessary renovations, and plaintiff received no rent from Family Dollar until May 2017.

The motion judge heard oral argument and entered her order granting plaintiff summary judgment against Brake-O-Rama and DeAngelo for the amounts sought in the complaint. In a single paragraph, the judge found there were no material facts in dispute, no evidence contradicted plaintiff's claim that it received no rent for the premises until May 2017, and "[d]efendant[s'] claim

A-4450-18T2

for excess rent abatement [was] unsupported by the evidence." This appeal followed.

Defendants argue that genuine disputes of material facts foreclosed summary judgment, and the judge failed to properly accord them all favorable evidence and inferences in deciding the motion. Defendants reiterate the contention that plaintiff was not entitled to any damages because it received $200,000 from Family Dollar to improve the premises, and the new lease was for a significantly higher annual rent. Alternatively, defendants argue plaintiff's damages should be limited to four months' rent, i.e., March through June 2016. We reject these arguments and affirm summary judgment.

In reviewing a grant of summary judgment, we employ the same standard as the trial court. Globe Motor Co. v. Igdalev, 225 N.J. 469, 479 (2016). Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact challenged and that the moving party is entitled to a judgment or order as a matter of law." R. 4:46-2(c). A dispute of material fact is "genuine only if, considering the burden of persuasion at trial, the evidence submitted by the parties on the motion, together with all legitimate inferences therefrom favoring the non-moving party, would

4

require submission of the issue to the trier of fact." Grande v. Saint Clare's Health Sys., 230 N.J. 1, 24 (2017) (quoting Bhagat v. Bhagat, 217 N.J. 22, 38 (2014)).

Our review is de novo. Templo Fuente De Vida Corp. v. Nat'l Union Fire Ins. Co. of Pittsburgh, 224 N.J. 189, 199 (2016) (citing Mem'l Props., LLC v. Zurich Am. Ins. Co., 210 N.J. 512, 524 (2012)). Therefore, the trial court's legal analysis is not entitled to any deference. The Palisades at Fort Lee Condo. Ass'n v. 100 Old Palisade, LLC, 230 N.J. 427, 442 (2017) (citing Manalapan Realty, LP v. Twp. Comm. of Manalapan, 140 N.J. 366, 378 (1995)).

Initially, there are no genuine disputed material facts in the motion record regarding the arguments defendants raise on appeal. Plaintiff did not dispute receiving $200,000 to make leasehold improvements or that the lease with Family Dollar was for a significantly greater per annum rent than the lease extension it signed with defendant. Defendants' arguments as to the legal import of these facts are simply wrong as a matter of law.

The measure of damages for breach of a lease "is governed by the same principles . . . applicable to" all kinds of alleged contract breaches. Ringwood Assocs., Ltd. v. Jack's of Route 23, Inc., 153 N.J. Super. 294, 309 (Law Div. 1977) (citing Cohen v. Wozniak, 16 N.J. Super. 510, 512 (Ch. Div. 1951)). "[A]

party who breaches a contract is liable for all of the natural and probable consequences" resulting from the breaching party's failure to perform. Totaro, Duffy, Cannova & Co. v. Lane, Middleton & Co., 191 N.J. 1, 13 (2007).

While a breaching tenant is liable to the landlord for unpaid rent for the remaining term of the lease, the landlord has a duty to mitigate damages caused by the breach. Sommer v. Kridel, 74 N.J. 446, 457 (1977); accord Ringwood Assocs., Ltd., 153 N.J. Super. at 308–09. The duty to mitigate damages relates to the amount of loss that the landlord could have reasonably avoided. Ingraham v. Trowbridge Builders, 297 N.J. Super. 72, 82 (App. Div. 1997) (citing Ostrowski v. Azzara, 111 N.J. 429, 441 (1988)). The amount of damages the landlord is entitled to recover is reduced by the sum the landlord did or could have received through mitigation. Harrison Riverside Ltd. P'ship v. Eagle Affiliates, Inc., 309 N.J. Super. 470, 474 (App. Div. 1998) (citing Carisi v. Wax, 192 N.J. Super. 536, 542 (Law Div. 1983)).

Should the landlord succeed in re-letting the property at a higher rent, "the defaulting tenant [i]s not entitled to credit the excess rent the landlord receive[s] from a subsequent tenant towards the unpaid rent owed by the original tenant for the period of time the property was vacant." N.J. Indus. Props., Inc. v. Y.C. & V.L., Inc., 100 N.J. 432, 443 (1985); Liqui-Box Corp. v. Estate of Elkman,

238 N.J. Super. 588, 601–02 (App. Div. 1990). The rationale for this rule is that "as between the wrongdoer . . . and the landlord who properly mitigated his damages, any benefit must go to the landlord because principles of fairness demand no less." Liqui-Box Corp., 238 N.J. Super. at 602 (citing N.J. Indus. Props., 100 N.J. at 447).

Defendants seek to distinguish these well-established precedents by arguing that plaintiff was entitled to offset rent lost while the property was vacant but was not entitled to a "windfall" since, by accepting payment for improvements and the increase in per annum rent under the lease with Family Dollar, plaintiff suffered no actual damages. However, defendant offered no proof contradicting Berman's certification that Family Dollar did not occupy the premises until May 2017, after plaintiff obtained a certificate of occupancy. In other words, there was no proof that plaintiff acted unreasonably in mitigating its damages, and that portion of the judgment for unpaid rent and additional rents under the lease extension covered only those months the premises were vacant because of defendant's breach.

While we affirm the judgment, we are compelled to remand the matter to the trial court. The original lease provided that if either party brought suit to enforce the lease or collect any amount due under its terms, the "prevailing party

shall be reimbursed by the other party for all attorney's fees, and all costs . . . related to the claims against the other party." Defendant correctly noted before the motion judge that plaintiff failed to supply any certification with respect to counsel fees or costs. Nonetheless, the order for judgment we review includes the amounts of fees and costs plaintiff sought in its complaint.

The Court has "held that 'attorney[s'] . . . fees awarded by courts, regardless of their basis, are governed by principles of reasonableness[.]'" Green v. Morgan Props., 215 N.J. 431, 455 (2013) (alterations in original) (quoting Walker v. Giuffre, 209 N.J. 124, 127–28 (2012)). "[T]he party seeking to be awarded attorneys' fees ordinarily bears the burden of proving that they are reasonable, and . . . contractual fee-shifting provisions are strictly construed . . . ." Ibid. (citing N. Bergen Rex Transp., Inc. v. Trailer Leasing Co., 158 N.J. 561, 570 (1999); McGuire v. City of Jersey City, 125 N.J. 310, 326–27 (1991)). Plaintiff failed to prove the reasonableness of the fees and costs it sought under the terms of the lease.

We therefore vacate that portion of the judgment awarding plaintiff attorneys' fees and costs and remand the matter to the trial court for entry of an amended order of judgment. We leave to the trial court's discretion resolution

of any request for fees and costs if properly submitted by plaintiff in accordance with controlling court rules and case law.  We express no opinion on the issue.

Affirmed as modified and remanded.  We do not retain jurisdiction.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-4450-18T2